STATE OF NORTH CAROLINA v. THOMAS TURNER, JR.

No. 166A81

(Filed 30 March 1982)

1. **Criminal Law § 149— order suppressing evidence—appeal by State—time for filing prosecutor's certificate**

In order for the State to appeal a pretrial order allowing a motion to suppress evidence, the prosecutor's certificate required by G.S. 15A-979(c) stating that the appeal is not taken for the purpose of delay and that the evidence is essential to the case is timely filed if it is filed prior to the certification of the record on appeal to the appellate division.

2. **Criminal Law § 66.1— identification testimony—finding unsupported by evidence—remand for new determination**

The evidence did not support a finding by the trial court that a witness "was unable to recognize the face of the individual to the point of making an identification of the face" where the witness testified that, although she did not recognize defendant while she was struggling with him, she recognized him prior to the struggle when he was near her bed, and that although she did not know defendant's name, she knew him as her friend's uncle and her brother provided the name. Therefore, where the trial court's order suppressing the witness's identification testimony was based upon such finding, the order must be vacated and the cause remanded to the trial court for another determination of defendant's motion to suppress the identification testimony.

3. **Criminal Law § 148.1—denial of motion to suppress identification testimony—no right of immediate appeal**

Defendant had no right to an immediate appeal from the trial court's order denying his pretrial motion to suppress identification testimony. G.S. 15A-979(b).

4. **Criminal Law § 66.1— identification testimony—opportunity for observation**

The evidence showed that a witness had a reasonable possibility of observation of the defendant sufficient to permit his in-court identification testimony where the witness testified on voir dire that, although lighting conditions were poor, he recognized the defendant as the intruder in his house; he knew defendant by sight and name as they lived in the same neighborhood; defendant ran through the living room and jumped out the window, passing two to three feet from where the witness was hiding; and when defendant stepped into the light at the window, the witness knew it was him.

**5. Criminal Law § 66.11— showup identification—reliability—admissibility**

　　Evidence of a witness's pretrial identification of defendant at a one-man showup was sufficiently reliable to be admissible despite any suggestiveness of the procedure, although the witness's observation of defendant was brief and made under poor lighting conditions, where the witness knew defendant from having seen him in the neighborhood; the witness's degree of attention was high; he had just heard his sister scream and had seen a man come running through his house and jump out the window; he identified the defendant by name; and the confrontation between the witness and defendant occurred within fifteen minutes from the time the intruder left the witness's residence.

APPEAL by the state pursuant to G.S. 7A-30(2), and cross-appeal by defendant, from decision of the Court of Appeals [54 N.C. App. 631, 284 S.E. 2d 142 (1981)] dismissing appeals from order of *Johnson, J.,* entered on 29 December 1980 in MECKLEN-BURG Superior Court.

In a two-count bill of indictment defendant was charged with (1) the first-degree burglary of a dwelling house occupied by Bernadine, Aleasia, and Eddy Mungo with the intent to commit the felony of larceny or the felony of rape, or both; and (2) the larceny of $50.00 pursuant to said burglary.

Prior to trial, defendant moved to suppress the identification testimony of Aleasia and Eddy Mungo on the grounds that he was illegally arrested and subjected to an unconstitutional identification procedure. After a hearing on the motion, the trial judge entered an order granting defendant's motion to suppress the identification testimony of Aleasia Mungo and denying the motion to suppress the identification testimony of Eddy Mungo.

The state appealed to the Court of Appeals from that part of the order adverse to it. Defendant cross-appealed from that part of the order adverse to him.

For reasons hereinafter stated, the Court of Appeals, Judge Robert M. Martin with Judge Wells concurring, dismissed the appeal. Judge Webb dissented.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Joan H. Byers for the state.*

*Ellis M. Bragg for defendant.*

BRITT, Justice.

We conclude that the Court of Appeals erred in dismissing the state's appeal. We also conclude that the trial judge erred in granting defendant's motion to suppress the identification testimony of Aleasia Mungo. With respect to defendant's cross-appeal, we agree with the Court of Appeals that defendant had no right to appeal. However, we treat the papers filed by defendant as a petition for a writ of certiorari to review the part of the trial court's order adverse to him, and allow the petition. We conclude that the trial judge did not err in denying defendant's motion to suppress the identification testimony of Eddy Mungo.

## STATE'S APPEAL

[1] The Court of Appeals dismissed the state's appeal for the reason that the state failed to file the certificate required by G.S. 15A-979(c) within 10 days after the entry of the judgment.

G.S. 15A-1445(b) provides: "The state may appeal an order by the superior court granting a motion to suppress as provided in G.S. 15A-979."

G.S. 15A-979(c) provides in pertinent part:

> An order by the superior court granting a motion to suppress prior to trial is appealable to the appellate division of the General Court of Justice prior to trial upon certificate by the prosecutor to the judge who granted the motion that the appeal is not taken for the purpose of delay and that the evidence is essential to the case.

The Court of Appeals reasoned that the statute last quoted must be read in conjunction with G.S. 15A-1448(a)(1) which provides that "[a] case remains open for the taking of an appeal to the appellate division for a period of 10 days after the entry of judgment"; that, construed as a whole, these statutes mandate that the state pursue its right to appeal by submitting to the trial judge the certificate required by G.S. 15A-979(c) within the time period the case remains viable for appeal under G.S. 15A-1448(a)(1) or the order will not be held appealable; that the legislature has accorded to the state a specific procedure for appeal of this particular type of order granting a motion to suppress prior to trial; and that the burden is on the state to demonstrate that it has fully complied with all statutory requirements.

In the case at hand, the appeal entry states that the prosecution gave oral notice of appeal in open court on 9 December 1980. The record on appeal includes a document entitled "Certification by Prosecutor" signed by the Attorney General on behalf of the district attorney and is dated 16 February 1981. The Court of Appeals held that the state had failed to properly perfect its appeal, therefore, the appellate court has no jurisdiction.

In its challenge to the holding of the Court of Appeals, the state argues that since the statutes do not expressly provide when the certificate envisioned by G.S. 15A-979(c) must be filed, thus giving rise to an ambiguity, the court should look to the purpose of the statute's provisions in determining timing. The state then argues that two obvious purposes of the certificate are to require the prosecutor to certify that the appeal is not taken for purpose of delay, and that the suppressed evidence is essential to the case; that the certificate should not be filed by the district attorney until he has had an opportunity to review the transcript and the judge's findings to decide whether an appeal might be fruitful or would, in fact, be a futile gesture which might be construed as an effort to delay final disposition of the case; that the district attorney should have adequate time to reevaluate his case in light of the order suppressing evidence; and that to require the certificate within 10 days of entry of judgment would not advance the purposes of the certificate.

We find the state's argument persuasive. We hold that the certificate envisioned by G.S. 15A-979(c) is timely filed if it is filed prior to the certification of the record on appeal to the appellate division. In the case at hand, since the certificate was served as a part of the record on appeal on 16 February 1981, and the record was certified by the clerk of superior court to the appellate division on 24 April 1981, the certificate was timely served.

[2] We now reach the question whether the trial judge erred in suppressing the identification testimony of Aleasia Mungo. The state contends first that the following finding of fact made by the trial judge pursuant to the hearing on defendant's motion to suppress is not supported by the evidence:

. . . . That shortly thereafter she got out of her bed and went to her bedroom door at which time someone grabbed her . . . . That although she struggled with the individual in

her bedroom, *she was unable to recognize the face of the individual to the point of making an identification of the face.* (Emphasis added.)

At the hearing, Aleasia testified, in pertinent part, that on the night of 3 September 1980 she was 17 years old and living with her mother; that her brother Eddy also lived there; that on the early morning of that day she was asleep alone in her bedroom when "I felt somebody looking at me"; that she then turned around, looked and saw Thomas (defendant) standing by her bed; that the person standing by her bed was a black male with broad shoulders, short hair and a goatee; that the intruder started going out the door leading to her bedroom; that she got out of her bed; that she did not quite get out to the door of the bedroom when the intruder tried to grab her "as if he was trying to grab my mouth"; that "he just grabbed my hands"; that she started calling her mother as loud as she could; that the intruder then let her go, ran and she fell to the floor; that she did not recognize defendant at the time he grabbed her but she did recognize him when he first came into her room and she saw him; that she knew defendant because she had seen him walking around in the community; that although she had never spoken with him she had seen him on more than one occasion; that when the police came to her home she pointed out to the police where defendant lived (this being less than two blocks from her home); that a short while after she pointed out to the police where defendant lived, the police brought defendant back to her home in a police car; that it was probably 15 minutes between the time when she first saw defendant inside her home and when the police brought him back to her home in a police car; that she identified defendant at that time as the person who was in her bedroom; and that she could see the back of the house where defendant lived from the front yard of her home.

On cross-examination, Aleasia repeated that she had seen defendant in the neighborhood prior to the morning in question; that while she did not know him, she knew where he lived because his niece, Barbara Mack, was her friend; that when she first woke up and saw the intruder, she thought it was her brother; that after thinking about it for a few seconds, she realized the intruder was not her brother because the intruder had broad shoulders and was larger than her brother; that although

she did not know defendant's name at the time she saw him in her bedroom, she recognized him as her friend's uncle; that her brother told police defendant's name and she pointed out where defendant lived.

It is well-settled that when the trial judge's findings of fact are supported by competent evidence, they are conclusive on the appellate court. *State v. Dunlap*, 298 N.C. 725, 259 S.E. 2d 893 (1979); *State v. Stepney*, 280 N.C. 306, 185 S.E. 2d 844 (1972). It is also true that when the findings are not supported by the evidence, they are not binding on the appellate court. *See State v. Sadler*, 40 N.C. App. 22, 251 S.E. 2d 902 (1979).

We agree with the state that the key finding of fact underlined above is not supported by the evidence. As we read the record, while Aleasia testified that she did not recognize defendant while she was struggling with him, she stated that she recognized him prior to the struggle when he was near her bed. Although she stated that she did not know defendant's name, she knew him as her friend Barbara Mack's uncle and her brother provided the name.

Since it appears that the trial court's conclusion that Aleasia's testimony identifying defendant is based on the quoted finding of fact, we hold that the part of the order suppressing her testimony must be vacated and the cause will be remanded to the trial court for another determination of defendant's motion to suppress her identification testimony.

### DEFENDANT'S APPEAL

[3]   The Court of Appeals correctly held that defendant had no right to appeal from that part of the trial court's order denying his motion to suppress the identification testimony of Eddy Mungo.

Ordinarily, a defendant in a criminal action may appeal to the appellate division as a matter of right only from a *final* judgment. G.S. 7A-27. An order dealing with a pretrial motion to suppress is clearly an interlocutory order. *See State v. Grogan*, 40 N.C. App. 371, 253 S.E. 2d 20 (1979). While G.S. 15A-979(c) accords the state the right to appeal from a pretrial order *granting* a motion to suppress, the statute does not accord a defendant the right to appeal

from an order *denying* the motion. G.S. 15A-979(b) provides that an order denying a motion to suppress evidence may be reviewed upon an appeal from a *judgment of conviction,* including a judgment entered upon a plea of guilty.

Even so, since the case is here on the state's appeal, we have elected to consider whether the trial court correctly denied defendant's motion to suppress Eddy Mungo's identification testimony. We hold that the trial court ruled correctly.

[4] Defendant argues first that the trial court erred in making the following finding of fact:

8. That the pretrial and in-court identifications of the defendant by Dwayne Eddy Mungo are reliable and are purely the product of Dwayne's recollection of the defendant on September 3, 1980, and derived only from having observed the defendant as he ran through the living room at 645 Dunbrook Lane on the morning of September 3, 1980. Said identifications are admissible.

Defendant asserts that the evidence presented on voir dire regarding the circumstances under which Eddy Mungo observed the defendant rendered Mungo's identification of defendant so inherently incredible and impossible that it should have been suppressed.

As a general rule, the credibility of witnesses and the proper weight to be given their identification testimony is a matter for jury determination. *State v. Green,* 296 N.C. 183, 250 S.E. 2d 197 (1978); *State v. Orr,* 260 N.C. 177, 132 S.E. 2d 334 (1963); *State v. Bowman,* 232 N.C. 374, 61 S.E. 2d 107 (1950). An exception to this rule, however, was set forth in the case of *State v. Miller,* 270 N.C. 726, 154 S.E. 2d 902 (1967). *Miller* involved a trial court's ruling on a motion for nonsuit on the grounds that the identification evidence was inherently incredible.

In *Miller* we held that the rule providing for jury assessment of the credibility of witnesses and weight of the evidence does not apply "where the only evidence identifying the defendant as the perpetrator of the offense is inherently incredible because of undisputed facts, clearly established by the state's evidence, as to the physical conditions under which the alleged observation occurred." 270 N.C. at 731. The identification of defendant in *Miller*

was based on the observation by the state's witness of a man at the scene of the crime. The observation was made at night and at a distance of 286 feet. Prior to that incident the witness had never seen defendant and the description he gave police was different from the defendant's actual appearance. This identification testimony was the only evidence the state presented tending to show defendant's guilt. Under such circumstances, this court held that the motion for nonsuit should have been allowed.

According to *Miller*, the test to be employed to determine whether the identification evidence is inherently incredible is whether "there is a reasonable possibility of observation sufficient to permit subsequent identification." 270 N.C. at 732. Where such a possibility exists, the credibility of the witness' identification and the weight given his testimony is for the jury to decide. 270 N.C. at 732.

The case at bar presents a factual situation far different from the one described above. Although the record reveals that lighting conditions were poor, Eddy Mungo's testimony on voir dire indicated that he recognized the defendant as the intruder. Defendant was known by sight and name to Eddy as they lived in the same neighborhood. This situation sharply contrasts with circumstances where a witness trys to make an identification based on an observation of a stranger made under unfavorable viewing conditions.

Eddy Mungo also testified that defendant ran through the living room and jumped out the window, passing two to three feet from where he was hiding. Additionally, Eddy testified that when defendant stepped into the light at the window he knew it was him. We hold that the trial court correctly found that the identification was admissible. The evidence presented shows that Eddy Mungo had a reasonable possibility of observation of the defendant sufficient to permit subsequent identification. The credibility of and weight to be given his testimony will be a matter for the jury to determine. *See also State v. Green, supra; State v. Wilson,* 293 N.C. 47, 235 S.E. 2d 219 (1977).

Where findings of fact are supported by competent evidence, such findings are conclusive on appeal. *State v. Harris,* 279 N.C. 177, 181 S.E. 2d 420 (1971). Since there is sufficient evidence in the record supporting the trial court's findings with respect

to Eddy's identification testimony, those findings will not be disturbed.

[5] Lastly, defendant contends that the trial court erred in making the following finding and conclusion:

> 9. That as to Dwayne's pretrial identification of the defendant at the one-man show-up, the one-man show-up was not so unnecessarily suggestive and conducive to an irreparable mistaken identification as to violate defendant's right to due process of law.

Show-ups, the practice of showing suspects singly to witnesses for purposes of identification, have been criticized as an identification procedure by both this court and the U.S. Supreme Court. *Stovall v. Denno*, 388 U.S. 293 (1967); *State v. Oliver*, 302 N.C. 28, 274 S.E. 2d 183 (1980). This identification procedure may be inherently suggestive for the reason that witnesses would be likely to assume that the police presented for their view persons who were suspected of being guilty of the offense under investigation. *State v. Oliver, supra; State v. Matthews*, 295 N.C. 265, 245 S.E. 2d 727 (1978), *cert. denied*, 439 U.S. 1128 (1979).

Pretrial show-up identifications, however, even though suggestive and unnecessary, are not *per se* violative of a defendant's due process rights. *Manson v. Brathwaite*, 432 U.S. 98 (1977); *Stanley v. Cox*, 486 F. 2d 48 (4th Cir. 1973), *cert. denied*, 416 U.S. 958 (1974). The primary evil sought to be avoided is the substantial likelihood of irreparable misidentification. *Neil v. Biggers*, 409 U.S. 188 (1972); *Simmons v. U.S.*, 390 U.S. 377 (1968). Where the pretrial identification procedures have created a likelihood of irreparable misidentification, neither the pretrial nor the in-court identification is permissible. *Neil v. Biggers, supra; State v. Oliver, surpa.* An unnecessarily suggestive show-up identification does not create a substantial likelihood of misidentification where under the totality of the circumstances surrounding the crime, the identification possesses sufficient aspects of reliability. *Manson v. Brathwaite*, 432 U.S. at 106; *State v. Oliver*, 302 N.C. at 45. In reaching its conclusion in *Manson*, the U.S. Supreme Court reasoned:

> [R]eliability is the linchpin in determining the admissibility of identification testimony . . . . The factors to be considered

are set out in Biggers. 409 U.S., at 199-200. These include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation. Against these factors is to be weighed the corrupting effect of the suggestive identification itself.

*Manson v. Brathwaite*, 432 U.S. at 114.

Applying these factors to the case at bar we conclude, from the totality of the circumstances, that evidence of Eddy Mungo's pretrial identification of defendant at a one-man show-up was sufficiently reliable to be admissible despite any suggestiveness of the procedure. The admissibility of Aleasia Mungo's pretrial identification of defendant will depend on the findings of the trial judge on remand as to whether Aleasia's identification testimony must be suppressed.

Although Eddy Mungo's observation of defendant was brief and made under poor lighting conditions, he stated he knew defendant from having seen him in the neighborhood; his degree of attention was high; he had just heard his sister scream and had seen a man come running through his house and jump out the window. While Eddy's physical description of the intruder was general, he identified the defendant by name. Finally, the confrontation between Eddy and defendant occurred within 15 minutes from the time the intruder left the Mungo's residence. Both Eddy and his sister were quite certain in their identification of defendant.

We hold, therefore, that Eddy Mungo's identification testimony is admissible at trial, and the part of Judge Johnson's order relating to this testimony is affirmed.

Affirmed in part, reversed in part and cause remanded.