STATE OF NORTH CAROLINA v. JOE JUNIOR LOCKLEAR

No. 8216SC600

(Filed 18 January 1983)

1. Criminal Law § 87.4— redirect examination—matters which could have been presented on direct

The trial court has discretion to permit counsel to introduce on redirect examination relevant evidence which could have been, but was not, brought out on direct examination, and the court did not abuse its discretion in this case in permitting the redirect examination of a State's witness about identification of defendant in the neighborhood of the alleged crime after it occurred.

2. Larceny § 8— instructions on taking

The trial court in a larceny prosecution did not err in instructing the jury that "[c]utting the speaker wires and moving parts of the stereo system from one room to another would be a taking."

APPEAL by defendant from *Morgan, Judge.* Judgment entered 27 January 1982 in Superior Court, ROBESON County. Heard in the Court of Appeals 8 December 1982.

Defendant was charged with breaking or entering under G.S. 14-54(a) and felonious larceny under G.S. 14-72. He pled not guilty to both offenses.

The State presented its evidence through four witnesses. Earl Strickland testified that he returned home about 10:30 a.m.

on 24 July 1981 and noticed that the back French doors had been broken. His stereo receiver and speakers had been moved from the bedroom into the den. He estimated the fair market value of the stereo to be $125.

James E. Strickland testified that he went to Earl Strickland's house on the morning of 24 July 1981 after he heard Earl's dog barking. He noticed that the two back French doors had been smashed in.

From his vantage point on the screened porch, James saw the defendant in the house. The defendant was wearing blue jeans, no shirt, a hat turned around on his head and socks on his hands. He had seen the defendant on several occasions prior to 24 July 1981 and knew his name. James went to his house, where he called his father who contacted the police.

Opel Oxendine, who lives about one quarter of a mile from Earl's house, testified that she saw the defendant on the morning of 24 July 1981. He did not have a shirt on at that time. Soon after the defendant left her house, Oxendine discovered that Earl's house had been broken into.

Katie Oxendine, who lives about 400 yards from Earl's house, stated that she saw the defendant on the morning of 24 July 1981 heading away from Earl's house. He did not have on a shirt at that time.

The defendant offered no evidence. He was found guilty of felonious breaking or entering and felonious larceny. The trial judge gave the defendant a sentence of ten years on both convictions. The larceny sentence was suspended and the defendant was placed on five years of supervised probation which would begin at the end of the breaking or entering sentence.

From the verdicts and sentences, the defendant appealed.

*Attorney General Edmisten, by Special Deputy Attorney General John R. B. Matthis and Assistant Attorney General Alan S. Hirsch, for the State.*

*Smith and Jobe, by Bruce F. Jobe, for defendant appellant.*

ARNOLD, Judge.

[1] Defendant first argues that the redirect examination of James Strickland by the prosecutor was erroneous and prejudicial because it did not clarify direct examination and was not related to anything brought out on cross-examination. The testimony objected to involved the identification of the defendant in the neighborhood of the alleged crime after it occurred.

The redirect examination here was not erroneous. Although the rule is that redirect examination cannot be used to repeat direct testimony or to introduce an entirely new matter, the trial judge has discretion to permit counsel to introduce relevant evidence which could have been, but was not brought out on direct. *State v. Branch*, 288 N.C. 514, 526, 220 S.E. 2d 495, 504 (1975), *cert. denied*, 433 U.S. 907 (1977); 1 Brandis, N.C. Evidence § 36 (2d rev. ed. 1982) and cases cited therein. We find no abuse of that discretion here where the subject of the redirect examination was the identification of the defendant by James Strickland, which was discussed on both direct and cross-examination. Even if some new matter were the subject of redirect, any error here would not be prejudicial given the heavy weight of the evidence against the defendant.

[2] Defendant's other assignment of error attacks the jury instruction on what constitutes a taking and carrying away as an element of felonious larceny. He objects to the judge's instruction that

> Cutting the speaker wires and moving parts of the stereo system from one room to another would be a taking.

This statement followed the trial judge's verbatim recitation of the jury instruction submitted by the defendant on the taking and carrying away element of larceny. We find no error on this point.

As defendant states in his brief, G.S. 15A-1232 makes it the duty of the trial judge in instructing the jury to declare and explain the law arising on the evidence in the case. It is sufficient if a trial judge gives a requested instruction in substance, and not the exact words requested by the defendant, when the instruction is proper based on the evidence. *State v. Sledge*, 297 N.C. 227, 254 S.E. 2d 579 (1979). The defendant's requested instruction was given even though the trial judge added a statement. His applica-

tion of the law to the facts was correct. When viewing the instructions contextually as a whole, as we must on appeal, *State v. Rogers*, 299 N.C. 597, 264 S.E. 2d 89 (1980), we find no error.

No error.

Judges JOHNSON and BRASWELL concur.