STATE OF NORTH CAROLINA v. PHILLIP BARRY DAVIS

No. 8325SC935

(Filed 1 May 1984)

1. Criminal Law § 88.3— cross-examination of State's witnesses not improperly restricted

The trial court did not improperly restrict cross-examination of the State's two witnesses when he sustained objections to three repetitive questions about the defendant's self-serving declaration that he was not the driver of a

State v. Davis

car, and where these questions had either been answered already or were asked again later using different phrasing.

2. **Criminal Law § 87.4— redirect examination—questions not improper**

    In a prosecution for driving under the influence of an alcoholic beverage, assaulting a law enforcement officer, and similar crimes, the trial court did not abuse its discretion in admitting evidence of defendant's friendship with the man identified as a passenger in his car on redirect examination where one of the State's witnesses had been cross-examined about a scuffle between defendant and the man identified as his passenger.

3. **Automobiles and Other Vehicles § 137— failure to stop for blue light and siren —sufficiency of evidence**

    The evidence that defendant failed to stop for a blue light and siren was sufficient to withstand defendant's motion for directed verdict where an officer testified that he turned on his siren when he saw defendant's erratic driving pattern, and that, after he turned on his siren, the defendant came to a complete stop and waited for the officer to approach his car before fleeing. G.S. 20-157(a).

4. **Assault and Battery § 14.6— assault on a police officer—sufficiency of evidence**

    The trial court properly failed to dismiss the charge of assault on a police officer where the evidence tended to show that after grabbing the defendant around the neck to try to prevent him from escaping, the officer was dragged along beside defendant's car; that the defendant attempted to strike the officer in the face; and that then, with the automobile traveling at approximately 20 miles per hour, the defendant turned the steering wheel sharply to the right, causing the officer to be thrown from the automobile into a ditch.

5. **Criminal Law § 98.2— denial of motion to sequester witness—no prejudicial error**

    The trial judge did not abuse his discretion by allowing an officer to hear another officer's identification of defendant as the driver of a car where the officer had already heard the other officer testify in district court, and sequestering him would have served no purpose. G.S. 15A-1225.

APPEAL by defendant from *Sitton, Judge.* Judgment entered 28 January 1983 in Superior Court, BURKE County. Heard in the Court of Appeals 16 February 1984.

*Attorney General Edmisten, by Assistant Attorney General Thomas B. Wood, for the State.*

*Simpson, Aycock, Beyer & Simpson, P.A., by Richard W. Beyer, for defendant appellant.*

BECTON, Judge.

Defendant, Phillip Barry Davis, was arrested and charged with driving under the influence of an alcoholic beverage, driving while his operator's license was revoked, assaulting a law enforcement officer, resisting arrest, and failing to stop for a blue light and siren. The charge of driving without a license was dismissed. The charge of driving under the influence was reduced to reckless driving. On 28 January 1983, a Burke County jury found the defendant guilty on all the charges. From judgments imposing sentences totalling 30 months, defendant appeals.

I

Defendant's assignments of error relate to: (a) the trial judge's restrictions on defendant's cross-examination of the State's witnesses, (b) the trial judge's admission of redirect examination testimony on topics not brought out on direct or cross-examination, (c) the trial judge's denial of defendant's motion for a directed verdict, (d) the trial judge's admission of identification testimony, (e) the trial judge's failure to sequester the State's witnesses, and (f) the trial judge's admission of opinion testimony. For the reasons that follow, we find no prejudicial error.

II

After noticing the erratic driving pattern of a car on 31 July 1982, Officer L. R. Rector turned on his blue light and siren and pursued the car. The car continued for some distance in the same manner before coming to a stop. Officer Rector approached the car and observed two men inside the car. When the driver attempted to drive away, the tires started to spin on the wet road. Officer Rector, who had been standing next to the driver's window, grabbed the driver around the neck. He and the driver exchanged blows. Officer Rector gained control of the steering wheel, but the driver regained control and drove away, at fifteen to twenty miles per hour. Officer Rector was thrown some twenty or thirty feet, suffering cuts, abrasions, and damage to his clothes, shoes and watch. He rushed to his patrol car and pursued the car while calling headquarters for assistance. After a few seconds, he saw the car turn off the highway and pull into a private driveway. The driver jumped out and ran into the woods. Before approaching the vehicle, Officer Rector notified head-

quarters. He then confronted the passenger, detected a stong odor of alcohol, and noticed beer cans in the car.

Officer Rector took the passenger, identified as L. G. Shuffler, into custody. The driver was taken into custody by Officer Jones, who had answered Officer Rector's call for assistance. At the jail, both Shuffler and Officer Rector identified defendant as the driver of the car. After being identified, defendant became upset. Defendant also refused to take a breathalyzer test. Defendant has consistently denied any connection with the events of 31 July 1982 even though Officer Rector and L. G. Shuffler identified him as the driver.

## III

[1] Defendant's first assignment of error, based on his fifth, sixth and eighth exceptions, is that the trial court improperly restricted cross-examination of the State's two witnesses. The defendant contends that his statement to Officer Rector and Officer Jones that he was not driving the car should have been admitted. We find no error.

The North Carolina practice of cross-examination serves three purposes: "(1) to elicit further details of the story related on direct, in the hope of presenting a complete picture less unfavorable to the cross-examiner's case; (2) to bring out new and different facts relevant to the whole case; and (3) to impeach the witness, or cast doubt upon his credibility." 1 H. Brandis, *North Carolina Evidence* § 35, at 145 (2d rev. ed. 1982). The wide latitude accorded the cross-examiner " 'does not mean that all decisions with respect to cross-examination may be made by the cross-examiner.' [Citation omitted.] Rather the scope and duration of the cross-examination rest largely in the discretion of the trial judge." *State v. Satterfield,* 300 N.C. 621, 627, 268 S.E. 2d 510, 515 (1980) (quoting 1 Stansbury, *North Carolina Evidence* § 35, at 108 (Brandis rev. 1973)). The trial judge has the "discretion to ban unduly repetitive and argumentative questions, as well as inquiry into matters of only tenuous relevance." 1 H. Brandis, *supra,* at 146.

The trial judge sustained objections to three repetitive questions about the defendant's self-serving declaration that he was not the driver of the car. One of the State's witnesses had already

said that he did not recall any statement made by the defendant. The second witness later answered the same question in a different form. Since these questions had either been answered already or were asked again later using different phrasing, we find no abuse of discretion.

## IV

[2] The defendant next assigns as error the trial court's decision to allow redirect examination of a State's witness on topics not brought out on direct or cross-examination. As a general rule, redirect examination is intended "to clarify testimony which had been cast into doubt upon cross-examination, to clarify new matter brought out on cross-examination, or to refute testimony elicited on cross-examination. . . ." *State v. Franks*, 300 N.C. 1, 12, 265 S.E. 2d 177, 183 (1980). "Nevertheless, the judge has discretion to vary the regular order and permit counsel to elicit on redirect relevant evidence which could have been but was not included in the examination in chief." 1 H. Brandis, *supra* p. 3, § 36, at 147; *see also State v. Branch*, 288 N.C. 514, 220 S.E. 2d 495 (1975), *cert. denied*, 433 U.S. 907, 53 L.Ed. 2d 1091, 97 S.Ct. 2971 (1977); *State v. Locklear*, 60 N.C. App. 428, 298 S.E. 2d 766 (1983). The *Locklear* Court said:

> We find no abuse of [judicial] discretion here where the subject of the redirect examination was the identification of the defendant by James Strickland, which was discussed on both direct and cross-examination. Even if some new matter were the subject of redirect, any error here would not be prejudicial given the heavy weight of the evidence against the defendant.

60 N.C. App. at 430, 298 S.E. 2d at 767.

In this case, the friendship between defendant and L. G. Shuffler was raised on the redirect examination of Officer Jones. Although the State did not question Officer Jones on direct concerning Shuffler, both the State and the defendant had mentioned Shuffler's name when Officer Rector testified. Indeed, defense counsel had cross-examined Officer Rector about a scuffle between defendant and Shuffler. Therefore, the trial court did not abuse its discretion in admitting evidence of defendant's friendship with Shuffler on redirect examination.

V

[3]  Defendant next contends that the trial judge improperly denied his motions for a directed verdict. A motion for a directed verdict has the same legal effect as a motion for nonsuit and challenges the sufficiency of the evidence. *State v. Glover*, 270 N.C. 319, 154 S.E. 2d 305 (1967). "It is elementary that, upon a motion for judgment of nonsuit in a criminal action, all of the evidence favorable to the State, whether competent or incompetent, must be considered, such evidence must be deemed true and considered in the light most favorable to the State, discrepancies and contradictions therein are disregarded and the State is entitled to every inference of fact which may be reasonably deduced therefrom." *State v. Witherspoon*, 293 N.C. 321, 326, 237 S.E. 2d 822, 826 (1977).

In support of his contention that there was insufficient evidence that he failed to stop for a blue light and siren, defendant argues that the State's evidence did not show two essential facts—(1) that the vehicle had a siren that could be heard from a distance of not less than one thousand feet, and (2) that the defendant was able to hear the siren.[1]

Because defendant consistently denied any connection with the disputed events, the State presented the only version of the events of 31 July 1982. Officer Rector testified that he turned on his siren when he saw defendant's erratic driving pattern. He testified further that after he turned on his siren, the defendant came to a complete stop and waited for the officer to approach his car before fleeing. This evidence, although circumstantial, is sufficient, when viewed in the light most favorable to the State, to carry the case to the jury. Defendant's motion for a directed verdict was properly denied.

---

1. N.C. Gen. Stat. § 20-157(a) (1983) states that "[u]pon the approach of any police or fire department vehicle . . . giving warning signal by appropriate light and by audible bell, siren or exhaust whistle, audible under normal conditions from a distance not less than 1,000 feet, the driver of every other vehicle shall immediately drive the same to a position as near as possible and parallel to the right-hand edge or curb, clear of any intersection of streets or highways, and shall stop and remain in such position unless otherwise directed by a police or traffic officer. . . ."

## VI

**[4]** Defendant next argues that the trial court erred by not dismissing the charge of assault on a police officer. We do not agree. A person is guilty of a misdemeanor if he assaults a law enforcement officer "while the officer . . . is discharging or attempting to discharge a duty of his office." N.C. Gen. Stat. § 14-33(b)(4) (Supp. 1983). This statute is designed "to protect the State's law enforcement officers from bodily injury and threats of violence. . . ." *State v. Hardy,* 298 N.C. 191, 197, 257 S.E. 2d 426, 431 (1979).

An assault is "an overt act or an attempt, or the unequivocal appearance of an attempt, with force and violence, to do some immediate physical injury to the person of another . . . sufficient to put a [reasonable person] in fear of immediate bodily harm." *State v. Roberts,* 270 N.C. 655, 658, 155 S.E. 2d 303, 305 (1967). Even though intent is an essential element of criminal assault, the "intent may be implied from culpable or criminal negligence, [citation omitted], if the injury or apprehension thereof is the direct result of intentional acts done under circumstances which show a reckless disregard for the safety of others and a willingness to inflict injury." *State v. Coffey,* 43 N.C. App. 541, 543, 259 S.E. 2d 356, 357 (1979).

After grabbing the defendant around the neck to try to prevent him from escaping, Officer Rector was dragged along beside the car. The defendant attempted to strike the officer in the face. Then, with the automobile travelling at approximately twenty miles per hour, the defendant turned the steering wheel sharply to the right, causing Officer Rector to be thrown from the automobile into a ditch.

The defendant's actions were sufficient to submit the issue of assault on a police officer to the jury.

## VII

The defendant argues that the trial court erred by not striking Officer Rector's identification testimony of Shuffler, the passenger. Again, we do not agree. The identification of Shuffler was collateral and non-prejudicial. Further, defendant's objection was not timely made. Moreover, the test used in determining "whether the identification evidence is inherently incredible is

whether 'there is a reasonable possibility of observation sufficient to permit subsequent identification.' Where such a possibility exists, the credibility of the witness' identification and the weight given his testimony is for the jury to decide." *State v. Turner,* 305 N.C. 356, 363, 289 S.E. 2d 368, 372 (1982) (quoting *State v. Miller,* 270 N.C. 726, 732, 154 S.E. 2d 902, 906 (1967)). Officer Rector testified that he walked up to the defendant's automobile and turned so that he was directly facing the driver. After Officer Rector observed both the driver and the passenger, the automobile was driven away.

## VIII

[5]   The defendant next argues that the trial court erred by denying his motion to sequester the State's witnesses. However, we find no prejudicial error.

"Upon motion of a party the judge may order all or some of the witnesses other than the defendant to remain outside of the courtroom until called to testify. . . ." N.C. Gen. Stat. § 15A-1225 (1983). A ruling on a motion to sequester is within the trial judge's discretion and will not be disturbed absent a showing of an abuse of discretion. *State v. Royal,* 300 N.C. 515, 268 S.E. 2d 517 (1980); *State v. Woods,* 307 N.C. 213, 297 S.E. 2d 574 (1982).

The defendant contends the trial court erred by allowing Officer Jones to hear Officer Rector identify defendant as the driver of the car. However, Officer Jones had already heard Officer Rector's testimony in district court. Therefore, sequestering him would have served no purpose. The trial judge did not abuse his discretion.

## IX

The defendant's final assignment of error relates to the trial court's decision to allow Officer Rector to give an opinion concerning defendant's intoxication. The defendant has failed to argue this issue in his brief. Therefore, pursuant to Rule 28(b)(5) of the North Carolina Rules of Appellate Procedure (1983), this issue is deemed abandoned.

For the foregoing reasons, we find no prejudicial error.

No error.

Judges ARNOLD and WHICHARD concur.