STATE OF NORTH CAROLINA v. EMILY W. FOSTER

No. COA08-466

(Filed 18 November 2008)

**1. Criminal Law— consequences of plea rejection—defendant's knowledge—plain error review not applicable—defense counsel's responsibility**

Plain error review was not applicable in a prosecution for narcotics offenses where the trial court did not intervene ex mero motu to advise defendant of the potential maximum sentence she could face if she rejected the State's plea offer and was convicted as charged. Plain error review applies only to jury instructions and evidentiary matters; moreover, the duty to inform a defendant of the consequences of rejecting a plea bargain offer rests with defense counsel, not the trial judge.

**2. Constitutional Law— ineffective assistance of counsel—record not sufficient—dismissed without prejudice**

The record was not sufficient for appellate consideration of a claim of ineffective assistance of counsel arising from defense counsel's alleged failure to properly advise defendant of the correct potential sentence if she rejected a plea bargain. The assignment of error was dismissed without prejudice to defendant's right to file a motion for appropriate relief and request a hearing on the issue.

Appeal by defendant from judgments entered on or after 6 December 2007 by Judge Alma L. Hinton in Beaufort County Superior Court. Heard in the Court of Appeals 31 October 2008.

*Attorney General Roy Cooper, by Special Deputy Attorney General Mabel Y. Bullock, for the State.*

*Larry C. Economos, for defendant-appellant.*

TYSON, Judge.

Emily W. Foster ("defendant") appeals from judgments entered after a jury found her to be guilty of two counts of trafficking in opium or heroin by sale and possession pursuant to N.C. Gen. Stat. § 90-95(h)(4). We find no error in part and dismiss without prejudice in part.

STATE v. FOSTER

[193 N.C. App. 733 (2008)]

## I. Background

On 17 September 2007, defendant was indicted on charges of trafficking in opium by possession and trafficking in Lortab, a derivative of opium, by sale. Both offenses arose out of a single sale of ten Lortab tablets to a confidential informant.

Prior to trial, defendant's attorney informed the trial court that defendant had rejected the State's plea offer, which would have allowed defendant to plead guilty to the lesser offense of sale of opium. Defendant's counsel noted on the record that if defendant had accepted the plea offer, defendant would be "looking at the presumptive range of—sentenced to six to eight months" and could possibly be placed on probation. Instead, counsel noted that "trafficking in . . . [o]pium requires a minimum sentence of 70 months, which is five years and ten months, plus it has a large fine, but definitely a mandatory sentence basically of six years. . . ." Defendant confirmed to the trial court that she had rejected the plea offer and wished to proceed to trial on the charges.

Defendant was convicted by a jury on both counts. At sentencing, the State sought the maximum sentence the court could impose. The trial court initially noted that "the statute calls for consecutive sentences." The following colloquy ensued:

[Defense counsel]: I'm not aware of that—

The Court: I could be wrong, but I—it's consecutive to any other sentence that she would be—that she would have been serving. Okay.

[The State]: Right. I believe that if the two sentences are at the same time that you do have the authority to run them consecutive or concurrent.

The Court: I agree with that.

[Defense counsel]: Your Honor, obviously, [defendant] has—the only other criminal matter she's ever had was a worthless check, no prior drug charges of any kind, and, Your Honor, we would ask that, while we understand that there is a required sentence that would have a minimum of 70, the maximum, I believe—I believe it was 85 months, with a large fine—

The Court: Say that again now?

[Defense counsel]: I believe the sentence—I believe the sentence requires 70 months, doesn't it?

**STATE v. FOSTER**

[193 N.C. App. 733 (2008)]

[The State]: Seventy is the minimum—

[Defense counsel]: A minimum of 70—

[The State]: And it's a Class F. A Class F, Your Honor, which is—it's a minimum of 70 and a maximum of 84 months for each count.

[Defense counsel]: But it's considered—opium is considered much—for sentencing, much worse than cocaine though it's a much smaller amount.

Your Honor, we would ask that you take into consideration the fact that she's had no significant other criminal history, no felonies, no drugs, and is married and has four children, that you would enter just one sentence in the matter and not do consecutive sentences.

Defendant was sentenced to two consecutive terms of a minimum of seventy to a maximum of eighty-four months imprisonment. Defendant appeals.

## II. Issues

Defendant argues: (1) the trial court committed plain error by failing to intervene *ex mero motu* to correct her counsel's misstatements of law concerning her minimum sentence and (2) she received ineffective assistance of counsel.

## III. *Ex Mero Motu* Failure to Inform

**[1]** Defendant argues the trial court committed plain error when it failed, *ex mero motu*, to correct her counsel's misstatement of law regarding the minimum mandatory consecutive terms she could be sentenced if she were found guilty of two counts of trafficking in opium. We disagree.

Plain error review applies only to jury instructions and evidentiary matters. *State v. Wiley*, 355 N.C. 592, 615, 565 S.E.2d 22, 39-40 (2002), *cert. denied*, 537 U.S. 1117, 154 L. Ed. 2d 795 (2003). Here, defendant's assignment of error is neither a challenge to jury instructions nor an evidentiary matter. Plain error review is inapplicable to this assignment of error. *Id.*

Moreover, our review has not discovered any North Carolina or Federal case or statute that imposes a duty on the trial court to *ex mero motu* intervene and inform a represented defendant of the maximum consequences of rejecting a State offered plea bargain and proceeding to trial. Such comments could be viewed as encouraging a

defendant to plead guilty, which might raise challenges to the voluntariness of a guilty plea. *See State v. Pait*, 81 N.C. App. 286, 289, 343 S.E.2d 573, 576 (1986) ("The right to plead not guilty is absolute and neither the court nor the State should interfere with the free, unfettered exercise of that right; its surrender by a plea of guilty must be voluntary and with full knowledge and understanding of the consequences." (Citing *Brady v. U.S.*, 397 U.S. 742, 25 L. Ed. 2d 747 (1970); *State v. Ford*, 281 N.C. 62, 187 S.E.2d 741 (1972)); *see also* N.C. Gen. Stat. § 15A-1021(b) (2007) ("No person representing the State or any of its political subdivisions may bring improper pressure upon a defendant to induce a plea of guilty or no contest."). The duty to inform a defendant of the consequences of rejecting a State offered plea bargain rests upon defendant's counsel, not the trial judge. This assignment of error is overruled.

## IV. Ineffective Assistance of Counsel

[2] Defendant argues that she received ineffective assistance of counsel ("IAC") based upon her attorney's failure to properly advise her of the correct potential sentence she could serve if convicted prior to her rejection of the plea agreement. Defendant argues counsel should have advised her that pursuant to N.C. Gen. Stat. § 90-95(h)(6), if convicted of two counts of trafficking, her two sentences could be imposed consecutively and she could face a minimum term of 140 months imprisonment.

Our Supreme Court has stated that to successfully establish an ineffective assistance of counsel claim, defendant must satisfy a two-part test:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*State v. Braswell*, 312 N.C. 553, 562, 324 S.E.2d 241, 248 (1985) (*quoting Strickland v. Washington*, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693 (1984)).

N.C. Gen. Stat. § 90-95(h)(6) (2007) provides that "sentences imposed pursuant to this subsection *shall run consecutively* with and *shall commence* at the expiration of *any sentence being served by the*

*person sentenced hereunder.*" (Emphasis supplied). In *State v. Bozeman,* this Court held that N.C. Gen. Stat. § 90-95(h)(6) mandated "only a single minimum sentence" and did not require consecutive sentences for three trafficking offenses "disposed of in the same proceeding." 115 N.C. App. 658, 662-63, 446 S.E.2d 140, 143 (1994). Based on this Court's precedent in *Bozeman,* defendant's sentences were not "disposed of in the same proceeding" and were not statutorily required to run consecutively. *Id.*

However, this Court must determine whether defense counsel advised defendant of the possible sentence she could have been required to serve if she were convicted of both counts of trafficking and the sentences were imposed consecutively. Defendant asserts that because of the erroneous advice she received from counsel and the trial court's failure to ensure she was made aware of the correct potential minimum sentence, she was deprived of the opportunity to make an intelligent and voluntary decision whether to accept the State's plea offer. Prior to trial, a colloquy transpired as follows:

[Defense Counsel]: The State had offered a plea of the sale of the drug which is a Schedule III which would be a Class H felony, and she would be a Level I and looking at the presumptive range of— sentenced to six to eight months, and she's rejected the plea offer, and we wanted to get that on the record. And, Your Honor, *I have informed her that the Trafficking in Cocaine—I mean in Opium requires a minimum sentence of 70 months, which is five years and ten months, plus it has a large fine, but definitely a mandatory sentence basically of six years* versus *the Class H where Your Honor would have a wide range of options,* including probation, and at worst, the presumptive sentence of 6 to 8 months, and [defendant] has indicated that she wants a trial on that, and we wanted to put that on the record, Your Honor.

The Court: Is that correct, [defendant]?

[Defendant]: Yes, ma'am.

The Court: All right.

[The State]: Your Honor, that's correct as to the plea offer, and, on this calendar, she has two counts of Trafficking in Opium, one by possession and one by a sale, in 06 CRS 53426.

The Court: All right. . . .

(Emphasis added).

We decline to reach defendant's IAC assignment of error because the record is not fully developed and it is not properly raised before us at this stage of review. *State v. Blizzard*, 169 N.C. App. 285, 299, 610 S.E.2d 245, 255 (2005). IAC claims brought on direct review will be decided on the merits "when the cold record reveals that no further investigation is required, i.e., claims that may be developed and argued without such ancillary procedures as the appointment of investigators or an evidentiary hearing." *Id.* (quoting *State v. Fair*, 345 N.C. 131, 166, 557 S.E.2d 500, 524 (2001)). Here, the record is insufficient for this Court to fully determine whether defendant was properly advised by counsel of the potential sentence the trial court could impose upon her conviction of two trafficking charges.

Defendant's assignment of error is dismissed without prejudice to defendant's right to file a motion for appropriate relief and request a hearing to determine whether she received effective assistance of counsel. *See id.* at 300, 610 S.E.2d at 255 ("The accepted practice is to raise claims of [IAC] in post-conviction proceedings, rather than direct appeal." (Quoting *State v. Dockery*, 78 N.C. App. 190, 192, 336 S.E.2d 719, 721 (1985))). This assignment of error is dismissed without prejudice to defendant's right to file a motion for appropriate relief in superior court.

## V. Conclusion

Plain error review is inapplicable where the trial court did not act *ex mero motu* to advise defendant of the potential maximum sentence she could face if she rejected the State's plea offer and was convicted as charged.

After careful review of the record, briefs and contentions of the parties, we decline to consider defendant's claim of IAC and dismiss this assignment of error without prejudice to defendant's right to file a motion for appropriate relief.

No error in part and dismissed without prejudice in part.

Judges BRYANT and ARROWOOD concur.