An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1046
NORTH CAROLINA COURT OF APPEALS

Filed: 15 April 2014

STATE OF NORTH CAROLINA

    v.                          Forsyth County
                                Nos. 11 CRS 62670, 72

JAVIER HERRERA MORAN


Appeal by Defendant from judgments entered 20 March 2013 by Judge William Z. Wood, Jr. in Superior Court, Forsyth County. Heard in the Court of Appeals 4 March 2014.

    *Attorney General Roy Cooper, by Assistant Attorney General Scott K. Beaver, for the State.*

    *James N. Freeman, Jr. for Defendant.*


    McGEE, Judge.


Javier Herrera Moran ("Defendant") was indicted on 4 June 2012 for four counts of assault with a deadly weapon with intent to kill and discharging a weapon into an occupied vehicle. A jury found Defendant guilty of all charges on 20 March 2013. The facts relevant to the issues on appeal are discussed in the analysis section of this opinion. Defendant appeals.

## I. Motion to Dismiss

Defendant first argues the trial court erred in denying Defendant's motion to dismiss because "the State's evidence was insufficient to show [Defendant] was the perpetrator of the alleged crimes[.]" We must first address the question of whether Defendant has preserved this issue for our review.

## A. Preservation

"In order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context." N.C.R. App. P. 10(a)(1).

In *State v. Jones*, ___ N.C. App. ___, ___, 734 S.E.2d 617, 623 (2012), *aff'd*, ___ N.C. ___, ___ S.E.2d ___ (2014 WL 895626) (7 March 2014), the defendant "merely asked that all charges against him be dismissed without noting a specific basis" at the close of all evidence. This Court concluded that the defendant, "having failed to make the argument he now makes on appeal in support of his motion to dismiss in the trial court, has not preserved it for our review." *Id.* (citing *State v. Tellez*, 200 N.C. App. 517, 521, 684 S.E.2d 733, 736 (2009)).

In the present case, at the close of the State's evidence, Defendant moved to dismiss. Defendant did not argue his motion. He stated only: "Your Honor, at the end of the State's evidence, the defense would make a motion to dismiss, but does not wish to be heard." Defendant did not offer any evidence, but he did renew his motion. He again failed to state a basis for the motion, stating only: "I would like to let the Court know the defense does not intend to put on any evidence and at the end of resting, as it were, the defense would renew the motion. The same, do not wish to be heard."

The trial court denied Defendant's motions. In denying Defendant's motions, the trial court stated: "I think there is enough to take it to the jury." Because it appears the trial court denied Defendant's motions on the basis of the sufficiency of the evidence, we address the merits of Defendant's argument.

## B. Merits of the Issue on Appeal

Defendant contends the State presented insufficient evidence that Defendant was the perpetrator of the offenses of assault with a deadly weapon with intent to kill and discharging a firearm into a motor vehicle. We disagree.

### i. Standard of Review

We review the trial court's denial of a motion to dismiss *de novo*. *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29,

33 (2007). The "trial court must determine whether there is substantial evidence (1) of each essential element of the offense charged and (2) that defendant is the perpetrator of the offense." *State v. Bradshaw*, 366 N.C. 90, 93, 728 S.E.2d 345, 347 (2012) (internal quotation marks omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

The "trial court must consider the evidence in the light most favorable to the State, drawing all reasonable inferences in the State's favor." *Id.* at 92, 728 S.E.2d at 347. "All evidence, competent or incompetent, must be considered. Any contradictions or conflicts in the evidence are resolved in favor of the State, and evidence unfavorable to the State is not considered." *Id.* at 93, 728 S.E.2d at 347 (internal citations and quotation marks omitted).

### ii. Analysis

Defendant contends that the "only evidence linking [Defendant] to the crimes in this case came from the adult victim, Cidronio Paz Mayo[,]" and that this identification was "inherently incredible," citing *State v. Miller*, 270 N.C. 726, 154 S.E.2d 902 (1967).

"As a general rule, the credibility of witnesses and the proper weight to be given their identification testimony is a

matter for jury determination." *State v. Turner*, 305 N.C. 356, 362, 289 S.E.2d 368, 372 (1982). "An exception to this rule, however, was set forth in the case of *State v. Miller*[.]" *Id.* "*Miller* involved a trial court's ruling on a motion for nonsuit on the grounds that the identification evidence was inherently incredible." *Id.*

> In *Miller* we held that the rule providing for jury assessment of the credibility of witnesses and weight of the evidence does not apply "where the only evidence identifying the defendant as the perpetrator of the offense is inherently incredible because of undisputed facts, clearly established by the state's evidence, as to the physical conditions under which the alleged observation occurred."

*Id.; but see State v. Carpenter*, ___ N.C. App. ___, ___, 754 S.E.2d 478, 484, slip op. at 14 (2014) (COA13-898) (challenge to credibility of eyewitness identification has "no bearing on the sufficiency of the evidence when considering a motion to dismiss").

In *Miller*, the identification "was based on the observation by the state's witness of a man at the scene of the crime." *Turner*, 305 N.C. at 362-63, 289 S.E.2d at 372. In *Miller*, the testimony of the State's witness "shows that he was never closer than 286 feet from the man whom he saw running[.]" *Miller*, 270 N.C. at 732, 154 S.E.2d at 905. The State's witness did not then know the defendant. *Id.* "Thus, his testimony is not that

he recognized at that distance a man previously known to him, but that he saw for the first time a stranger." *Id.* "Some six hours later, he saw [the defendant] in a police 'lineup,' so arranged that the identification of [the defendant] with the man seen earlier would naturally be suggested to the witness." *Id.*

Our Supreme Court concluded in *Miller* that "the distance was too great for an observer to note and store in memory features which would enable him, six hours later, to identify a complete stranger with the degree of certainty which would justify the submission of the guilt of such person to the jury." *Id.* Our Supreme Court held that the trial court erred in denying the motion for nonsuit. *Id.* at 732, 154 S.E.2d at 906.

"According to *Miller*, the test to be employed to determine whether the identification evidence is inherently incredible is whether 'there is a reasonable possibility of observation sufficient to permit subsequent identification.'" *Turner*, 305 N.C. at 363, 289 S.E.2d at 372 (quoting *Miller*, 270 N.C. at 732, 154 S.E.2d at 906). "Where such a possibility exists, the credibility of the witness' identification and the weight given his testimony is for the jury to decide." *Id.*

In *Turner*, the State's witness recognized the defendant and knew the defendant by sight and name because they lived in the same neighborhood. *Turner*, 305 N.C. at 363, 289 S.E.2d at 373.

The State's witness testified that the defendant passed "two to three feet" from where the witness was hiding. *Id.* Our Supreme Court held that the evidence showed that the witness "had a reasonable possibility of observation of the defendant sufficient to permit subsequent identification." *Id.*

In the present case, the identification came from Cidronio Paz Mayo ("Mr. Mayo"), who testified that he had known Defendant and Defendant's brother all his life. Mr. Mayo saw Defendant on 24 December 2011, the date of the alleged offenses, between 5:00 and 6:00 p.m. Mr. Mayo testified it was not yet dark outside and that he saw Defendant in the front passenger seat of a "brownish burgundy" Explorer. He further testified that Defendant's brother was the driver of the vehicle.

Mr. Mayo identified Defendant and Defendant's brother as "they were coming towards [Mr. Mayo] and then when [Defendant] got out through the door through the window to start shooting at [Mr. Mayo] from the waist up." When the shooting started, the vehicles "were at a distance of about 10 meters." Mr. Mayo testified that he was a "hundred percent" confident that Defendant was the perpetrator.

The facts in the present case are analogous to *Turner*. Mr. Mayo had known Defendant since childhood. Prior to the date of the offense, Mr. Mayo had not seen Defendant or Defendant's

brother for "perhaps four or five years[.]" However, Mr. Mayo was only approximately ten meters away from the vehicle in which Defendant was a passenger. Furthermore, Mr. Mayo saw Defendant lean out of the vehicle, in daylight, to shoot at the vehicle carrying Mr. Mayo and his children. The evidence showed that Mr. Mayo "had a reasonable possibility of observation of the defendant sufficient to permit subsequent identification." *Turner*, 305 N.C. at 363, 289 S.E.2d at 373. The trial court did not err in denying Defendant's motion to dismiss.

## II. Failure To Procure An Expert Witness

Defendant next argues the "trial counsel's failure to procure an expert witness . . . suggests ineffective assistance of counsel[.]" This claim is better addressed through a motion for appropriate relief, and not on direct appeal. *See, e.g., State v. Stroud*, 147 N.C. App. 549, 554, 557 S.E.2d 544, 547 (2001) ("we stress this Court is limited to reviewing this assignment of error only on the record before us"). Defendant's argument is dismissed without prejudice to Defendant's right to file a motion for appropriate relief in superior court and request a hearing to determine whether he received ineffective assistance of counsel. *See State v. Fair*, 354 N.C. 131, 166-67, 557 S.E.2d 500, 524-25 (2001); *State v. Foster*, 193 N.C. App. 733, 738, 668 S.E.2d 630, 633 (2008).

### III. Mitigating Factors

Defendant next argues the trial court erred in not finding certain mitigating factors. The trial court, based on the jury's finding beyond a reasonable doubt of the existence of an aggravating factor, imposed an aggravated sentence for one of Defendant's convictions for assault with a deadly weapon with intent to kill. Defendant presented evidence of mitigating factors, but the trial court made no findings of the existence of mitigating factors.

Defendant "bears the burden of proving by a preponderance of the evidence that a mitigating factor exists." N.C. Gen. Stat. § 15A-1340.16(a) (2013). "The court shall consider evidence of aggravating or mitigating factors present in the offense that make an aggravated or mitigated sentence appropriate, but the decision to depart from the presumptive range is in the discretion of the court." *Id.*

"Our Supreme Court has explained that uncontradicted evidence is not necessarily sufficient to meet the defendant's burden of proof[.]" *State v. Marecek*, 152 N.C. App. 479, 513, 568 S.E.2d 237, 259 (2002).

> [U]ncontradicted, quantitatively substantial, and credible evidence may simply fail to establish, by a preponderance of the evidence, any given factor in aggravation or mitigation. While evidence may not be ignored, it can be properly

> rejected if it fails to prove, as a matter of law, the existence of the mitigating factor.

*Id.*

Defendant contends the trial court erred in failing to make findings as to certain mitigating factors. However, Defendant does not show that the trial court failed to consider the evidence of the mitigating factors that Defendant presented. Defendant has not shown that the trial court erred by rejecting evidence of certain mitigating factors. Furthermore, Defendant has not shown, even had the trial court made findings of certain mitigating factors, that the trial court abused its discretion in sentencing Defendant.

No error in part; dismissed in part.

Judges STEELMAN and ERVIN concur.

Report per Rule 30(e).