DILLON, Judge.
 

 *543
 
 Defendant Darieus Andrew Jeune
 
 [1]
 
 appeals judgments against him for robbery with a dangerous weapon and other crimes based on a robbery which occurred at a shopping mall. Defendant argues that the trial court erred in denying his motion to suppress evidence because the pre-trial identification was impermissibly suggestive. We disagree and conclude that Defendant had a fair trial, free from prejudicial error.
 

 I. Background
 

 In September 2016, three victims were robbed in the Four Seasons Mall parking lot in Greensboro by three assailants. Defendant was
 
 *544
 
 apprehended and identified by the victims as one of the assailants of the robbery. Defendant was indicted on robbery with a dangerous weapon and other charges.
 

 In February 2017, Defendant filed a motion to suppress the show-up identification made by the three victims. In open court, the trial court denied Defendant's motion to suppress and made findings of fact and conclusions of law from the bench.
 

 Defendant was found guilty of all charges by a jury and was sentenced in the presumptive range for each charge, to be served consecutively. Defendant gave oral notice of appeal in open court.
 

 II. Analysis
 

 On appeal, Defendant argues that the trial court erred in denying his Motion to Suppress Evidence. More specifically, Defendant argues that the show-up identification should have been suppressed.
 

 A. Standard of Review
 

 We review the trial court's denial of Defendant's motion to suppress for whether "competent evidence supports the trial court's findings of fact and whether the findings of fact support the conclusions of law."
 
 State v. Biber
 
 ,
 
 365 N.C. 162
 
 , 167-68,
 
 712 S.E.2d 874
 
 , 878 (2011). Findings of fact are "conclusive and binding ... when supported by competent evidence," while conclusions of law are reviewed
 
 de novo
 
 .
 
 State v. Brooks
 
 ,
 
 337 N.C. 132
 
 , 140-41,
 
 446 S.E.2d 579
 
 , 585 (1994).
 

 B. Pre-Trial Identification of Defendant
 

 Defendant argues that the show-up procedure was impermissibly suggestive and created a substantial likelihood of irreparable misidentification, thereby violating his due
 
 *891
 
 process rights under the United States and North Carolina constitutions.
 

 Identification evidence, such as a show-up, "must be excluded as violating the due process clause where the facts of the case reveal a pretrial identification procedure so impermissibly suggestive that there is a substantial likelihood of irreparable misidentification."
 
 State v. Thompson
 
 ,
 
 303 N.C. 169
 
 , 171,
 
 277 S.E.2d 431
 
 , 433 (1981). Using a totality of the circumstances test, the central question is "whether ... the identification was reliable even though the confrontation procedure was suggestive."
 
 Neil v. Biggers
 
 ,
 
 409 U.S. 188
 
 , 199,
 
 93 S.Ct. 375
 
 ,
 
 34 L.Ed.2d 401
 
 (1972).
 

 Our Supreme Court has identified factors to consider when evaluating the reliability of the identification: "the opportunity of the
 
 *545
 
 witness to view the criminal at the time of the crime; [ ] the witness's degree of attention; [ ] the accuracy of the witness's prior description of the criminal; [ ] the level of certainty demonstrated by the witness at the confrontation; and [ ] the length of time between the crime and the confrontation."
 
 State v. Harris
 
 ,
 
 308 N.C. 159
 
 , 164,
 
 301 S.E.2d 91
 
 , 95 (1983) (citing
 
 Manson v. Brathwaite
 
 ,
 
 432 U.S. 98
 
 , 109-16,
 
 97 S.Ct. 2243
 
 ,
 
 53 L.Ed.2d 140
 
 (1977) ).
 

 Show-ups, while potentially inherently suggestive, are not
 
 per se
 
 violative of a defendant's due process rights.
 
 State v. Turner
 
 ,
 
 305 N.C. 356
 
 , 364,
 
 289 S.E.2d 368
 
 , 373 (1982) ("An unnecessarily suggestive show-up identification does not create a substantial likelihood of misidentification where under the totality of the circumstances surrounding the crime, the identification possesses sufficient aspects of reliability."). For example, in
 
 Turner
 
 , our Supreme Court held that a one-man show-up was admissible, though suggestive, where the victim's identification of the defendant was based on the victim attentively observing the defendant in poor lighting conditions during the alleged crime, having seen the defendant in the neighborhood previously, and a general physical description given to the police.
 
 Turner
 
 ,
 
 305 N.C. at 365
 
 ,
 
 289 S.E.2d at 374
 
 .
 

 In the present case, the facts and circumstances surrounding the show-up are as follows: Before the alleged robbery occurred, Defendant and the other perpetrators followed the victims around in the mall and the parking lot. Defendant was two feet away from one of the victims at the time of the robbery. The show-up occurred approximately fifteen minutes after the robbery. Prior to the show-up, the victims gave a physical description of Defendant to the police. All three victims were seated together in the back of a police officer's squad car during the show-up. Defendant and the other perpetrators were handcuffed during the show-up. Defendant and the other perpetrators were standing in a well-lit area of the parking lot, in front of the squad car, during the show-up. Defendant matched the physical description given by the victims. Upon approaching the area where Defendant and the other perpetrators were detained, all three victims spontaneously shouted, "That's him, that's him!" All the victims also identified Defendant in court.
 

 While these procedures were not perfect, we conclude that there was not a substantial likelihood of misidentification in light of the reliability factors surrounding the crime and the identification.
 
 Turner
 
 ,
 
 305 N.C. at 364
 
 ,
 
 289 S.E.2d at 373
 
 .
 

 III. Conclusion
 

 The pre-trial identification of Defendant was reliable. Even though the show-up may have been suggestive, it did not rise to the level of
 
 *546
 
 irreparable misidentification. As such, the trial court did not err in denying Defendant's motion to suppress.
 

 NO ERROR.
 

 Judges Bryant and Zachary concur.
 

 [1]
 

 We note that the correct spelling of Defendant's last name is "Jeune." However, the indictments and judgments below all spell Defendant's last name as "Juene."