**PAMLICO TAR RIVER FOUNDATION v. COASTAL RESOURCES COMM.**

[103 N.C. App. 24 (1991)]

PAMLICO TAR RIVER FOUNDATION, INC., Petitioner-Appellant v. COASTAL RESOURCES COMMISSION OF THE STATE OF NORTH CAROLINA, Respondent-Appellee, and WEYERHAEUSER REAL ESTATE COMPANY, Intervenor-Respondent-Appellee

No. 902SC769

(Filed 21 May 1991)

### 1. Administrative Law and Procedure § 56 (NCI4th) — petitioner not likely to prevail in contested case hearing — petitioner not entitled to contested case hearing

Petitioner was not entitled to a contested case hearing based upon the record before respondent on 28 September 1989 where there was no evidence which would support a finding that petitioner would have had a substantial likelihood of prevailing if a contested case hearing were held; furthermore, there was no merit to petitioner's contention that the permit in question had to include findings reflecting consideration of the factors which the Division of Coastal Management had to consider before issuing the permit. N.C.G.S. § 113A-121.1(b).

**Am Jur 2d, Administrative Law §§ 571 et seq.**

### 2. Administrative Law and Procedure § 40 (NCI4th) — petitioner seeking contested case hearing — new evidence — finding required as to whether evidence should have been presented earlier

Where petitioner sought a contested case hearing with regard to issuance of a permit to build a marina in the open waters of Chocowinity Bay, petitioner's new evidence, consisting of the affidavit of a landscape architect that the marina could be constructed on an upland basin site which would require no alteration of wetlands or estuarine habitat, was relevant, material, and not cumulative; however, the case is remanded for the trial court to determine whether the new evidence should "reasonably have been presented" to respondent before, or during the course of, petitioner's petition for a contested case hearing.

**Am Jur 2d, Administrative Law § 748.**

APPEAL by petitioner from order entered 6 April 1990 in BEAUFORT County Superior Court by *Judge William C. Griffin, Jr.* Heard in the Court of Appeals 12 February 1991.

PAMLICO TAR RIVER FOUNDATION v. COASTAL RESOURCES COMM.

[103 N.C. App. 24 (1991)]

*Derb S. Carter, Jr. and Lark Hayes for petitioner-appellant.*

*Lacy H. Thornburg, Attorney General, by Robin W. Smith, Assistant Attorney General, for the State.*

*Kenneth M. Kirkman for intervenor-respondent-appellee.*

GREENE, Judge.

On 28 September 1989, petitioner, Pamlico Tar River Foundation, Inc. (PTRF), requested that respondent, Coastal Resources Commission (CRC), grant a contested case hearing to PTRF regarding Major Development Permit No. 181-89, which permitted intervenor, Weyerhaeuser Real Estate Company (Weyerhaeuser), to build a marina in the open waters of Chocowinity Bay. PTRF was denied a contested case hearing and petitioned the Superior Court of Beaufort County for judicial review of CRC's decision. The court affirmed CRC's decision by an order filed 6 April 1990. PTRF appeals.

Weyerhaeuser owns a tract of land containing approximately 874 acres along the shoreline of a relatively undeveloped portion of Chocowinity Bay in Beaufort County. Weyerhaeuser proposes to construct on this property 865 residential units. In the adjacent waters of Chocowinity Bay, Weyerhaeuser proposes to construct a 302 slip marina, these slips to be sold to the owners of the residential units. The construction of the marina is the only portion of the project relevant to this appeal.

In April, 1989, pursuant to the Coastal Area Management Act, N.C.G.S. § 113A-100 *et seq.*, Weyerhaeuser applied with the Division of Coastal Management (DCM), the agency to which CRC has delegated its permitting authority, for a permit for the construction of the marina. DCM received comments from numerous state and federal agencies and from other entities, including PTRF, regarding the advisability of issuing the permit requested by Weyerhaeuser. A permit was issued on 11 September 1989, listing twenty-five conditions to the permit, fifteen of which pertain specifically to the construction and operation of the marina.

On 28 September 1989, PTRF submitted to CRC a request for a contested case hearing. On 26 October 1989, the chairman of CRC executed an order denying the request for a contested case hearing. The relevant basis for the denial was PTRF's failure to make any showing that the permit was in violation of any applicable statutes or agency rules, and that PTRF had not met

its burden of showing that it had a substantial likelihood of prevailing at a contested case hearing, a prerequisite to obtaining a contested case hearing under N.C.G.S. § 113A-121.1(b).

On 29 November 1989, PTRF petitioned the Superior Court of Beaufort County for judicial review of the decision of CRC's chairman. PTRF also requested that the superior court allow PTRF to present additional evidence, and further moved the court to remand the case for a contested case hearing and for the taking of additional evidence. The additional evidence proffered is in the form of an affidavit by a licensed landscape architect stating that there are feasible alternative sites for the marina. The affidavit was executed on 16 November 1989. After a hearing, and by order dated 5 April 1990, the superior court ordered that "the decision of the Coastal Resources Commission, acting through its Chairman, be and the same is hereby AFFIRMED." The order did not address PTRF's request to present additional evidence.

---

The issues are: (I) whether PTRF was entitled to a contested case hearing based upon the record before CRC on 28 September 1989; and (II) whether PTRF is entitled to present new evidence to CRC on the issue of its entitlement to a contested case hearing.

I

The administrative review of a permit decision of DCM is governed by a statute which provides in part:

A person other than a permit applicant or the Secretary who is dissatisfied with a decision to deny or grant a minor or major development permit may file a petition for a contested case hearing only if the Commission determines that a hearing is appropriate. A request for a determination of the appropriateness of a contested case hearing shall be made in writing and received by the Commission within 20 days after the disputed permit decision is made. A determination of the appropriateness of a contested case shall be made within 15 days after a request for a determination is received and shall be based on whether the person seeking to commence a contested case:

(1) Has alleged that the decision is contrary to a statute or rule;

(2) Is directly affected by the decision; and

(3) Has a substantial likelihood of prevailing in a contested case.

If the Commission determines a contested case is appropriate, the petition for a contested case shall be filed within 20 days after the Commission makes its determination. A determination that a person may not commence a contested case is a final agency decision and is subject to judicial review under Article 4 of Chapter 150B of the General Statutes.

N.C.G.S. § 113A-121.1(b) (1989).

For the purposes of this appeal, we find three important provisions in this statute. First, if a party other than the applicant or Secretary, such as PTRF, is dissatisfied with the decision to issue a permit, the party may request a contested case hearing. Second, in requesting a contested case hearing, the party requesting the hearing has the burden of *alleging* that the permit decision is contrary to a statute or rule, of *showing* that the party is directly affected by the permit decision, and of *showing* that the party has a substantial likelihood of prevailing in a contested case. Third, the denial of a contested case hearing is a final agency decision, and such denial is subject to judicial review under Article 4 of Chapter 150B. Here, CRC determined that PTRF had alleged that the permit decision was contrary to a statute or rule and had shown that they were affected by the permit decision. No party to this appeal questions those determinations by CRC. PTRF complains only of CRC's determination that it was not entitled to a contested case hearing.

The applicable statute pertaining to the standard of judicial review, found under Article 4 of Chapter 150B, provides in relevant part:

... the court reviewing a final decision may affirm the decision of the agency or remand the case for further proceedings. It may also reverse or modify the agency's decision if the substantial rights of the petitioners may have been prejudiced because the agency's findings, inferences, conclusions, or decisions are:

(1) In violation of constitutional provisions;

(2) In excess of the statutory authority or jurisdiction of the agency;

(3) Made upon unlawful procedure;

(4) Affected by other error of law;

(5) Unsupported by substantial evidence admissible under G.S. 150B-29(a), 150B-30, 150B-31 in view of the entire record as submitted; or

(6) Arbitrary or capricious.

N.C.G.S. § 150B-51 (1987).

[1] For purposes of this appeal, this statute instructs us that in order to obtain a modification or reversal of an agency decision, the party alleging error has the burden of showing that the agency's final decision may have prejudiced that party's substantial rights in that the agency's findings, inferences, conclusions, or decisions are defective because of one of the six reasons stated under N.C.G.S. § 150B-51.

Our review on this appeal is of CRC's decision to deny PTRF a contested case hearing. Our review, however, is limited to the assignments of error and issues raised by PTRF. *Walls & Marshall Fuel Co. v. N.C. Dept. of Revenue*, 95 N.C. App. 151, 154, 381 S.E.2d 815, 817 (1989). Here, PTRF's essential basis for asserting error is in its contention that CRC's finding that PTRF failed to show a substantial likelihood of prevailing in a contested case hearing is unsupported by substantial evidence. Under N.C.G.S. § 150B-51(5), we review CRC's decision according to the "whole record" test. *Id.* "The 'whole record' test requires the reviewing court to examine all the competent evidence and pleadings which comprise the 'whole record' to determine if there is substantial evidence in the record to support the administrative tribunal's findings and conclusions. . . . 'Substantial evidence' is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.*

Our review of the "whole record" before CRC reveals no evidence that would support a finding that PTRF would have had a substantial likelihood of prevailing if a contested case hearing were held. This absence of evidence supports CRC's finding that PTRF had no substantial likelihood of prevailing in a contested case hearing, and PTRF is therefore entitled to no relief under

N.C.G.S. § 150B-51(5). PTRF nonetheless argues that it is entitled to a contested case hearing because the permit itself does not include findings reflecting consideration of the factors DCM must consider before issuing the permit. *See* N.C. Admin. Code tit. 15A, r.7H.0208(a)(2) (before issuing a permit "there shall be a finding that the applicant has complied with" nine "standards"). We disagree. Formal findings are not required when a permit is issued. *Cf.* N.C.G.S. § 113A-120 (1989) (formal findings required if permit is *denied*). The "finding" referred to in 15A, r.7H.0208(a)(2) requires only that there be evidence in the record to support DCM's decision to issue the permit. Nevertheless, the failure to include such evidence in the DCM record is not relevant on the issue before CRC of whether PTRF is entitled to a contested case hearing. *See* N.C.R. Evid. 401 (to be relevant, evidence must have some "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"). The only relevant evidence on this issue is evidence of whether there has been a violation of some substantive statute, rule or regulation. For example, relevant evidence would be evidence tending to show that one of the standards found under 15A, r.7H.0208(a)(2) has been violated, or that some other substantive requirement has been violated. PTRF offered no such evidence to CRC.

II

[2] In the alternative, PTRF argues that if the record before CRC on 28 September 1989 did not support a contested case hearing, then it has new evidence which supports such a hearing. Specifically, PTRF contends that the affidavit of a landscape architect executed on 16 November 1989 establishes that the marina can be constructed on an upland basin site which would require no alteration of wetlands or estuarine habitat. PTRF contends that in light of this new evidence, the pertinent regulation mandates the construction of the marina in the upland basin site rather than in an open water site as approved by DCM in the permit it issued. The regulation asserted by PTRF does require siting marinas in accordance with the following priorities:

> (i) an upland basin site requiring no alteration of wetland or estuarine habitat and providing adequate flushing by tidal or wind generated water circulation;

(ii) an upland basin site requiring dredging for access when the necessary dredging and operation of the marina will not result in the significant degradation of existing fishery, shellfish, or wetland resources and the basin design shall provide adequate flushing by tidal or wind generated water circulation;

(iii) an open water site located outside a primary nursery area which utilizes piers or docks rather than channels or canals to reach deeper water; and

(iv) an open water marina requiring excavation of no intertidal habitat, and no dredging greater than the depth of the connecting channel.

N.C. Admin. Code tit. 15A, r.7H.0208(b)(5)(A). The landscape architect's affidavit has the tendency of making the existence of a violation of this substantive regulation more probable than it would be without the evidence. The evidence is, therefore, relevant to the issue of whether PTRF is entitled to a contested case hearing. However, in that the affidavit was not presented to CRC before, or in the course of, PTRF's petition for a contested case hearing, the issue is whether CRC must reopen the case and reconsider PTRF's petition in light of this new evidence.

On 29 November 1989, pursuant to N.C.G.S. § 150B-49 (1987), PTRF requested the superior court to remand the case to CRC for the taking of the new evidence. The statute provides in pertinent part:

An aggrieved person who files a petition in the superior court may apply to the court to present additional evidence. If the court is satisfied that the evidence is material to the issues, is not merely cumulative, and could not reasonably have been presented at the administrative hearing, the court may remand the case so that additional evidence can be taken. . . . After hearing the evidence, the agency may affirm or modify its previous findings of fact and final decision. . . .

N.C.G.S. § 150B-49. Accordingly, if the evidence is "material," "not merely cumulative," and "could not reasonably have been presented at the administrative hearing," the superior court must remand the case to CRC for the taking of PTRF's new evidence.

We have already determined that PTRF's new evidence is relevant, and therefore "material," in that it indicates the feasibility

of a marina falling under a higher priority than that approved by the permit. *See* Commentary to N.C.R. Evid. 401 (definition of relevancy includes materiality). Furthermore, in that the record does not reveal any evidence similar to that now proffered by PTRF, PTRF's new evidence is "not merely cumulative." The question of whether the new evidence should "reasonably have been presented" to CRC before, or during the course of, PTRF's petition for a contested case hearing is a question which cannot be determined from this record and therefore must be remanded to the superior court for determination.

If on remand, the superior court finds the new evidence could not reasonably have been presented to CRC before, or during the course of, PTRF's petition for a contested case hearing, the case is to be remanded to CRC which, upon hearing the new evidence, must determine whether PTRF would have a "substantial likelihood of prevailing in a contested case hearing." If such a determination is made by CRC, then PTRF would be entitled to a contested case hearing.

This matter is therefore remanded for further proceedings consistent with this opinion.

Remanded.

Judges WELLS and WYNN concur.