E. ALAN RUSHER AND H & R TOWING, INC., Petitioners v. EUGENE B. TOMLINSON, CHAIRMAN, NORTH CAROLINA COASTAL RESOURCES COMMISSION AND NORTH CAROLINA COASTAL RESOURCES COMMISSION, Respondents and ATLANTIC DIVING AND MARINE, INC., Intervenor-Respondent

No. COA94-1058

(Filed 18 July 1995)

1. **Environmental Protection, Regulation, and Conservation § 45 (NCI4th)— berthing facilities in Cape Fear River— CAMA permit—requirement of easement—contested case hearing denied**

The trial court properly dismissed petitioners' request for a contested case hearing in regard to the requirement of an easement in an action arising from granting a CAMA permit to construct berthing facilities in the Cape Fear River. N.C.G.S. § 146-12 does not require an easement prior to the issuance of a CAMA permit; an easement is not required when a riparian owner constructs piers and docks to gain access to navigable waters; the facility in this case was built to gain access to navigable waters, but did not contain piers or docks, nor does it project over navigable waters; and the original permit falls squarely within the exception set forth in the North Carolina Administrative Code Title 1, R. 6B.0605. This case is distinguishable from *Walker v. N.C. Dept. of E.H.N.R.*, 111 N.C. App. 851, because it does not have structures over navigable waters and Atlantic Diving is using the facility to gain access to navigable waters.

**Am Jur 2d, Waters §§ 93, 260.**

**2. Environmental Protection, Regulation, and Conservation § 45 (NCI4th)— berthing facilities in Cape Fear River— CAMA permit—denial of contested case hearing—substantial likelihood of prevailing**

Petitioners failed to show a substantial likelihood of prevailing in a contested case hearing arising from the granting of a CAMA permit for a berthing facility in the Cape Fear River where the evidence fails to support a finding that the permit was contrary to any statute or rule.

**Am Jur 2d, Licenses and Permits § 53.**

**3. Environmental Protection, Regulation, and Conservation § 45 (NCI4th)— berthing facilities in Cape Fear River— CAMA permit—denial of contested case hearing—interference with navigation**

There was no error in the denial of a contested case hearing in regard to the interference of the proposed project with navigation in an action arising from the granting of a CAMA permit for a berthing facility in the Cape Fear River where all of the evidence submitted in the appeal suggests that the facility will not interfere with petitioners' access to their riparian property rights. Furthermore, petitioners failed to set out the rules they contend were violated.

**Am Jur 2d, Licenses and Permits § 53; Waters §§ 260, 261, 263, 297.**

**4. Environmental Protection, Regulation, and Conservation § 45 (NCI4th)— berthing facilities in Cape Fear River— CAMA permit—denial of contested case hearing—safety of project**

There was no error in the denial of a contested case hearing where petitioner contended that the trial court erred in refusing to order a contested case hearing in regard to the safety of the proposed project but petitioners failed to identify any safety violations and relied on a letter from the Coast Guard which does not take into account the modified permit and other actions taken by Atlantic Diving, which proposed the berthing facility.

**Am Jur 2d, Waters § 297.**

**5. Administrative Law and Procedure § 52 (NCI4th)— berthing facilities in Cape Fear River—CAMA permit— denial of contested case hearing—exhaustion of adminis- trative remedies**

In an action regarding the denial of a contested case hearing where there was no error in the trial court's order denying the hearing, assignments of error to exhaustion of remedies, inaccu- racies in the record on appeal, and petitioners' failure to account for modification of the permit were not addressed.

**Am Jur 2d, Administrative Law §§ 505 et seq.**

**6. Courts § 137 (NCI4th)— berthing facilities in Cape Fear River—federal permits—Court of Appeals jurisdiction**

In an action regarding the denial of a contested case hearing arising from a CAMA permit to build berthing facilities in the Cape Fear River where a federal permit was also acquired, the Court of Appeals may not decide federal issues relating to the reg- ulation of navigation pursuant to the Rivers and Harbors Act of 1899, federal dredge and fill requirements, or vessel mooring safety issues controlled by the United States Coast Guard as required by the modified Corps permit.

**Am Jur 2d, Conflict of Laws §§ 14, 15.**

Judge GREENE dissenting.

Appeal by petitioners from order entered 5 May 1994 by Judge William C. Gore in Brunswick County Superior Court. Heard in the Court of Appeals 25 May 1995.

*Murchison, Taylor, Kendrick, Gibson & Davenport, L.L.P., by Alan D. McInnes and Michael Murchison, for petitioners-appellants.*

*Attorney General Michael F. Easley, by Assistant Attorney General, Robin W. Smith, for the State-respondents.*

*Clark, Newton, Hinson & McLean, L.L.P., by Reid G. Hinson, for intervenor-respondent Atlantic Diving & Marine, Inc.*

JOHNSON, Judge.

On 16 March 1993, Atlantic Diving & Marine Contractors, Inc. (Atlantic Diving) submitted an application for a Coastal Area

Management Act (CAMA) major development/dredge and fill permit to construct berthing facilities and engage in associated dredging at a pier facility on the west side of the Cape Fear River immediately downstream of the Cape Fear Memorial Bridge. Atlantic Diving's application was made pursuant to a proposed plan to moor, on an extended basis, two very large ocean-going vessels (700 feet long and 100 feet wide) side-by-side under a contract with the Maritime Administration (MARAD).

Petitioner H & R Towing, Inc. has a marine towing and docking facility which abuts and is immediately upstream from the location of Atlantic Diving's proposed berthing facility. Petitioner E. Alan Rusher is the owner of the land where H & R Towing, Inc.'s facility is located. Immediately north of H & R Towing's facility, the U.S. Corps of Engineers maintains a facility for docking and maintenance. At the time of the permit application, the dredge Markam was docked at the Corps' facility.

Following receipt of a copy of Atlantic Diving's permit application, petitioners timely submitted objections to the proposed permit arguing, among other things, that the berthing facility contemplated by Atlantic Diving required an easement from the North Carolina Department of Administration, that the berthing facility would eliminate petitioners' ability to dock tugs and barges at petitioners' property, and that the berthing facility would pose a significant safety hazard.

On 4 June 1993, the North Carolina Department of Environment, Health and Natural Resources and Coastal Resources Commission issued a CAMA permit for construction of berthing facilities and associated dredging to Atlantic Diving, notwithstanding petitioners' objections.

The CAMA permit was modified at Atlantic Diving's request in October of 1993. The modification deleted certain breasting dolphins and piers and modified the dredge plan allowed by the original permit. The permit was again modified on 8 May 1994 by hand delivery of the letter to the Division of Coastal Management in which Atlantic Diving withdrew any right to construct "structures" on, above or in navigable waters granted by the original permit.

Petitioners allege that they received notice of the modification in January of 1994. No action was taken by them regarding the modification of the permit except for filing a motion to amend their petition

for judicial review to allege that they had not been given notice of the modification. This motion was filed and served on all parties on 21 January 1994. The petitioners have never filed any written objection to the modified permit or a request for a contested case hearing with the Commission regarding the modified CAMA permit.

In addition to the CAMA permit issued to Atlantic Diving, Atlantic Diving was also issued a separate United States Department of the Army Permit. This permit, issued on 28 May 1993, concerns matters over which the federal government possesses jurisdiction. The Corps permit was modified on 1 July 1993 to include a further condition with regard to matters affecting public safety and the requirement that Atlantic Diving coordinate safety issues with the Captain of the Port, the United States Coast Guard, and the Marine Safety Office.

Atlantic Diving filed its motion to dismiss for lack of subject matter jurisdiction on 25 April 1994, asserting that the court lacked subject matter jurisdiction because petitioners had failed to exhaust their administrative remedies and that the court lacked subject matter jurisdiction with regard to certain federal issues. The State as respondent joined in support of the motion to dismiss.

On 23 June 1993, petitioners timely filed a request for a contested case hearing with respondent Coastal Resources Commission. This request was based on the original permit.

On 1 July 1993, David Heeter of the Attorney General's office, on behalf of the North Carolina Division of Coastal Management, submitted an analysis of the petition to the Chairman, recommending that the request for a contested case hearing be denied. Attached to this recommendation were various documents.

On 10 July 1993, Eugene B. Tomlinson, Chairman of the North Carolina Coastal Resources Commission, entered a decision denying petitioners' request for a contested case hearing.

Pursuant to North Carolina General Statutes § 113A-123 (1994), petitioners sought judicial review and a hearing was held before Judge William C. Gore. At the hearing petitioners argued that they had satisfied the burden required to obtain a contested case hearing and that the Commission's determination was affected by errors of law, arbitrary and capricious, unsupported by substantial evidence in view of the whole record or otherwise flawed. Specifically, petitioners argued that they demonstrated a substantial likelihood that the berthing facility contemplated by Atlantic Diving required an ease-

ment from the North Carolina Department of Administration, would eliminate petitioners' ability to dock tugs and barges at petitioners' property, and would pose a significant safety hazard. Petitioners further argued that despite a letter from the agency requiring the applicants merely to summarize the evidence to be presented in support of its position, the agency determination viewed the submissions of petitioners as final and arbitrary and dismissed them.

Subsequently, the superior court affirmed the decision of the Commission finding that petitioners had failed to allege a violation of a statute or rule, and that petitioners had failed to demonstrate a substantial likelihood of prevailing upon the merits at a contested case hearing. From the adverse decision of the superior court, petitioners appeal to this Court.

Intervenor-respondent Atlantic Diving cross-appealed alleging that the trial court erred by failing to grant their motion to dismiss the petition for lack of subject matter jurisdiction.

[1] The issue in the case *sub judice* is whether the trial court erred in refusing to order a contested case hearing in regard to the requirement of an easement before issuing a permit for construction of the project. Petitioners argue that an easement should have been required prior to issuing a permit.

North Carolina General Statutes § 146-12 (1991) provides:

The Department of Administration *may grant*, to adjoining riparian owners, easements in lands covered by navigable waters or by the waters of any lake owned by the State *for such purposes and upon such conditions as it may deem proper*, with the approval of the Governor and Council of State. . . . Every such easement shall include only the front of the tract owned by the riparian owner to whom the easement is granted, shall extend no further than the deep water, and shall in no respect obstruct or impair navigation. (Emphasis added.)

Thus, this statute does not require an easement prior to the issuance of a CAMA permit. The Department of Administration has promulgated rules which set forth the requirements for issuance of permits. These rules provide:

(a) Riparian owners *may construct piers or docks to gain access to navigable waters without an easement.* Such structures may

include a weatherproof shelter if the use of the shelter is in keeping with riparian access.

(b) Easements in lands covered by navigable waters are generally *required for any structure built over navigable waters for purposes other than gaining riparian access.* The Department of Administration may exempt from this provision structures deemed minor in their impact upon the public trust waters of the state. Examples of such exempt structures include boat ramps, duck blinds, small groins, and the like. (Emphasis added.)

North Carolina Administration Code Title 1, R. 6B.0605. Thus, an easement is not required when a riparian owner constructs piers and docks to gain access to navigable waters. The facility in the instant case was built to gain access to navigable waters; however, in accordance with the modified permit, the facility did not contain piers or docks, nor does it project over the navigable waters. Moreover, the original permit upon which petitioners base their appeal falls squarely within the exception set forth in Rule 6B.0605(a).

Petitioners rely on this Court's decision in *Walker v. N.C. Dept. of E.H.N.R.,* 111 N.C. App. 851, 433 S.E.2d 767, *disc. review denied,* 335 N.C. 243, 439 S.E.2d 164 (1993) to support its argument that an easement is required. However, *Walker* is distinguishable from the instant case. In *Walker,* our Court determined that the rule promulgated by the Department of Administration applied. This determination was based on several factors: the size of the public trust waters covered, the size of the area being dredged, the presence of large floating docks significantly affecting the public's right to navigate on public trust waters, and the impact of the biological and physical functions of the estuary. This case, unlike *Walker,* does not have structures over navigable waters and Atlantic Diving is using the facility to gain access to navigable waters. Thus, we are unpersuaded by petitioners' argument that an easement is required prior to issuing a permit for construction of the facility.

[2] Petitioners next argue that the reviewing court's conclusion that a permit was not required was either in error or improperly made. Whether a contested case hearing is appropriate is based on the following factors: (1) the decision is contrary to a statute or rule; (2) petitioner is directly affected by the decision; and (3) petitioner has a substantial likelihood of prevailing in a contested case hearing. The standard of judicial review in cases such as the instant case is pursuant to North Carolina General Statutes § 150B-51(b)(5) (1991). The

denial should be reviewed in accordance with the "whole record" test. *Pamlico Tar River Foundation v. Coastal Resources Comm.*, 103 N.C. App. 24, 28, 404 S.E.2d 167, 170 (1991). "The 'whole record' test requires the reviewing court to examine all the competent evidence and pleadings which comprise the 'whole record' to determine if there is substantial evidence in the record to support the administrative tribunal's findings and conclusions. . . . 'Substantial evidence' is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Id.* (*quoting Walls & Marshall Fuel Co. v. N.C. Dept. of Revenue*, 95 N.C. App 151, 154, 381 S.E.2d 815, 817 (1989).

The evidence shows and the reviewing court found that petitioners have failed to show a substantial likelihood of prevailing in the hearing and that the evidence fails to support a finding that the permit was contrary to any statute or rule. Thus, in light of the whole record, the evidence was sufficient to support the Commission's findings of fact which were sufficient to support the conclusions of law.

[3] Petitioners next argue that the reviewing court erred in refusing to order a contested case hearing in regard to the interference of the proposed project with navigation. They argue that the reviewing court's decision was arbitrary and capricious. This argument must fail. All of the evidence submitted suggests that the facility will not interfere with petitioners' access to their riparian property rights. The evidence also reveals that petitioners have failed to set out which rules they contend have been violated; therefore, this argument fails.

[4] Petitioners also argue that the trial court erred in refusing to order a contested case hearing in regard to the safety of the proposed project. A review of the record reveals that petitioners failed to identify any safety violations with regard to the facility. The thrust of their argument is a letter from the Coast Guard which does not take into account the modified permit and other actions taken by Atlantic Diving in accordance with their receipt of the federal permit regarding vessel mooring plans, hurricane contingency plans, and security. Thus, there is no error with regard to safety issues.

[5] We now turn to whether this Court lacks subject matter jurisdiction over this appeal. Atlantic Diving argues that petitioners have failed to exhaust their administrative remedies with regard to the modified permit which is the subject of the instant action. The original permit authorized a plan to construct piers and mooring dolphins over and in navigable waters. However, the modified permit upon

which the facility was based, was built without the piers and dolphins, and without any "structures" over navigable waters. Thus, Atlantic Diving argues that petitioners have submitted a record containing factual inaccuracies to this Court. North Carolina General Statutes § 113A-121.1(b) (1989) requires that within twenty days after a disputed permit decision is made by CAMA that petitioners submit a request for determination of the appropriateness of a contested case hearing in writing. Atlantic Diving argues that petitioners failed to submit a petition for a contested case hearing on the modified permit within the statutory time; accordingly, Atlantic Diving submits that they have failed to exhaust their administrative remedies.

Our Supreme Court has held that administrative appeals which are taken prior to exhaustion of administrative remedies are not ripe and must be dismissed for lack of subject matter jurisdiction. *Vass v. Bd. of Trustees of State Employees' Medical Plan*, 324 N.C. 402, 379 S.E.2d 26 (1989).

Atlantic Diving is correct in arguing that petitioners have not accounted for the modification in the permit, and have alleged inaccuracies in the record. Several of the facts petitioners rely upon in making their argument were made moot by the subsequent modification of the permit. However, since this Court had determined that the trial court did not err in its order, we need not address this assignment of error.

[6] Atlantic Diving further argues that this Court, the superior court and the Commission lack subject matter jurisdiction over all federal issues which petitioners attempt to assert as reversible error. Our Court may not decide federal issues relating to the regulation of navigation pursuant to the Rivers and Harbors Act of 1899, federal dredge and fill requirements, or vessel mooring safety issues controlled by the United States Coast Guard as required by the modified Corps permit. Accordingly, we do not address any federal issues petitioners' attempt to assert.

For all of the foregoing reasons, petitioners have failed to demonstrate a substantial likelihood of prevailing in a contested case hearing and they have failed to show a violation of a statute, rule or regulation. Thus, the reviewing tribunal's findings of facts and conclusions of law were without error and the trial court properly dismissed petitioners' request for a contested case hearing. Therefore, we affirm the trial court's dismissal of petitioners' request for a contested case hearing.

Affirmed.

Judge MARTIN, JOHN C. concurs.

Judge GREENE dissents in separate opinion.

Judge GREENE dissenting.

I disagree that an easement was not required before issuance of a permit to Atlantic Diving and that petitioner is not entitled to a contested case hearing.

This Court has previously determined that a proposed project which "includes a 148-slip marina covering 5.9 acres of public trust waters, requiring the hydraulic excavation of 9 acres of public trust lands" is "an undertaking of [such] magnitude" so as to require an easement from the Department of Administration before receiving a CAMA permit. *Walker*, 111 N.C. App. at 855, 433 S.E.2d at 769. In this case, Atlantic Diving, in its CAMA permit application, proposed to construct dolphins and piers and repair a bulkhead for the "extended berthing, repairing, [and] unloading" and mooring of two vessels up to 700 feet long and 100 feet wide on the west side of the Cape Fear River downstream of the Cape Fear Memorial Bridge. The proposed project also called for extensive dredging of a boat basin, 1200 feet in length and 200 to 250 feet in width. The proposed development in this case, like the proposed development at issue in *Walker*, was an undertaking of such magnitude, it required an easement from the Department of Administration pursuant to N.C. Gen. Stat. § 146-12 before a CAMA permit could be granted. Because an easement was not granted, the case should be remanded to the Department of Administration. If the Department of Administration does not grant Atlantic Diving an easement, the proposed project cannot go forward. If, however, the Department of Administration grants Atlantic Diving an easement, petitioner is entitled to a contested case hearing with regard to the issuance of a CAMA permit.

In order to receive a contested case hearing on a decision to grant a development permit, a person must show that he "[h]as alleged that the decision is contrary to a statute or rule"; that he "[i]s directly affected by the decision"; and that he "[h]as a substantial likelihood of prevailing in a contested case." N.C.G.S. § 113A-121.1(b) (1994). Because petitioner has met the second requirement, which is not in dispute, the question is whether petitioner has met its burden with

regard to the first and third requirements. In this case, the Commission's form to request a contested case hearing directed petitioner to "[s]ummarize the evidence you will present at a hearing in support of your appeal." In the letter accompanying its contested case hearing request, petitioner alleged the following:

> The proposed development will not only have a significant adverse effect on the value and enjoyment of [petitioner's] property but will prohibit his current use of the property for docking tugs and barges because it will be unsafe for these vessels to navigate into his property and docks due to the risk of collision with the now permitted "permanently" moored ships of Atlantic Diving
> . . . .
>
> 1. . . . properly diagram[m]ed it will become evident that risk of collision with Applicant's ships is ever present for any vessel trying to dock at Petitioner's site and as a result Petitioner's property becomes unusable. Our evidence at the hearing will consist of photographs and diagrams which will show the project as permitted and constructed and will <u>accurately</u> show its affects on the adjoining riparian users. These visual aids will be accompanied by the testimony of licensed vessel operators, captains and other experts as to the dangers that this project poses and its significant adverse effect on the value and use of Petitioner's property. . . .
>
> 2. . . . Our evidence will show that the project as permitted is unsafe and poses a hazard to the port, the bridge, our property and vessels, the property of those across the river. This evidence will consist of expert testimony, diagrams, photographs, weather information and other pertinent material. . . . Evidence from docking pilots as to the safety problems created by this project will be produced along with appropriate expert testimony. . . .
>
> . . . .
>
> 4. <u>Affect on Adjoining Riparian Property</u>. Our evidence will show that the project as permitted will effectively deny the Petitioner the use of his property. . . .

Petitioner also refuted in this letter the conclusions of the Corps of Engineers, the United States Coast Guard, and Gary Greene, consulting engineer for Atlantic Diving, concerning the safety and effects of the proposed project, and summarized the evidence to refute their conclusions.

Pursuant to N.C. Gen. Stat. § 113A-120(a)(2), the Department of Environment, Health, and Natural Resources and Coastal Resources Commission "shall deny an application for a permit upon finding . . . [i]n the case of estuarine waters, that a permit for the development would be denied pursuant to G.S. 113-229(e)." N.C.G.S. § 113A-120(a)(2) (1994). Section 113-229(e) provides that the Department "may deny an application for a dredge or fill permit upon finding":

> (1) that there will be significant adverse effect of the proposed dredging and filling on the use of the water by the public; or (2) that there will be significant adverse effect on the value and enjoyment of the property of any riparian owners; or (3) that there will be significant adverse effect on public health, safety, and welfare . . . .

N.C.G.S. § 113-229(e) (1994). Furthermore, the Department "shall deny an application for a permit" if the proposed development would interfere with public rights of access to navigable waters. N.C.G.S. § 113A-120(a)(5); N.C.G.S. § 113A-113(b)(5). Regulations promulgated pursuant to CAMA provide that "[d]evelopment shall not impede navigation or create undue interference with access to, or use of, public trust areas or estuarine waters." N.C. Admin. Code tit. 15A, r. 7H.0208(a)(2)(H) (April 1993).

Although petitioner did not allege in its request for a contested case hearing the specific numbers of statutes, rules or regulations which it contends were violated in granting Atlantic Diving a CAMA permit, petitioner's allegations were specific enough to identify violations of the statutes and rules set out above and to satisfy the requirement of alleging "that the decision is contrary to a statute or rule." N.C.G.S. § 113A-121.1(b)(1) (1994); *cf. Save Our Rivers v. Town of Highlands*, 113 N.C. App. 716, 724, 440 S.E.2d 334, 339 (liberally construing requirement under G.S. § 150B-46 that third parties seeking judicial review of final agency decision specifically set out exceptions to agency decision in party's petition for judicial review), *disc. rev. allowed*, 336 N.C. 609, 447 S.E.2d 402 (1994).

Finally, petitioner, in order to be entitled to a contested case hearing, has the burden of showing that it has "a substantial likelihood of prevailing in a contested case." N.C.G.S. § 113A-121.1(b)(3); *Pamlico Tar*, 103 N.C. App. at 27, 404 S.E.2d at 169. This burden is analogous to the process used in summary judgment proceedings because the Commission, in evaluating a petition for a contested case hearing, has

before it evidence or summaries of evidence from both sides and must determine whether or not a hearing is necessary. It therefore is appropriate that the Commission, in determining whether petitioner shows a substantial likelihood of prevailing in a contested case, look at the evidence in the light most favorable to petitioner and draw all inferences of fact in favor of petitioner. *Cf. Roumillat v. Simplistic Enters., Inc.*, 331 N.C. 57, 63, 414 S.E.2d 339, 342 (1992) (in summary judgment proceeding, all inferences of fact must be drawn against movant and in favor of nonmovant). Viewed in the light most favorable to petitioner, the evidence reveals a substantial likelihood that petitioner would prevail in a contested case hearing. Therefore, there is not substantial evidence in the "whole record" to support the Commission's conclusion that "petitioner has failed to allege violations of state statutes or rules or to demonstrate a substantial likelihood of prevailing in a contested case." For these reasons, I would reverse the trial court and order resubmission to the Department of Administration and, in the event an easement and permit are granted to Atlantic Diving, a remand to the Commission for a contested case hearing, as requested by petitioner.

I have reviewed Atlantic Diving's cross-appeal and determined the trial court did have subject matter jurisdiction.