STATE OF NORTH CAROLINA, Plaintiff v. JEROME WILLIAMS, Defendant

No. COA96-1370

(Filed 7 October 1997)

**1. Kidnapping § 16 (NCI4th)— second-degree kidnapping— sufficiency of evidence—removal—threats—intimidation**

The State's evidence in a prosecution for second-degree kidnapping was sufficient to support the element of removal where the defendant forced the victim into and out of a car through threats and intimidation with what appeared to be a gun.

**2. Kidnapping § 21 (NCI4th)— second-degree kidnapping— sufficiency of evidence—intent to terrorize—gun—threats**

In a prosecution for second-degree kidnaping, the victim's testimony that defendant pointed what appeared to be a gun in her direction and threatened to kill her and that she was crying and hysterical was adequate to support the conclusion that defendant's intent was to terrorize the victim.

**3. Evidence and Witnesses § 671 (NCI4th); Appeal and Error § 147 (NCI4th)— motion in limine—closing arguments— ruling deferred—not appealable—no objection at trial**

Defendant's contention in a second-degree kidnapping prosecution that the trial court erred in deferring judgment on his motion *in limine* regarding the State's argument was not addressed on appeal. The trial court's ruling on the motion *in limine* was not appealable and defendant made no objections at trial.

**4. Criminal Law § 445 (NCI4th Rev.)— State's closing argument—defense witness—characterized as drug dealer**

The trial court did not err in not correcting on its own motion remarks made by the State in its closing argument which characterized a defense witness as a "drug dealer" where evidence elicited on cross-examination established that the witness had been convicted of possession with intent to sell and deliver cocaine and selling cocaine to an undercover officer.

**5. Criminal Law § 1096 (NCI4th Rev.)— second-degree kidnapping—firearms enhancement—gun**

The trial court improperly applied the firearms enhancement statute, N.C.G.S. § 15A-1340.16A, to defendant's second-degree

kidnapping conviction where it appeared to the victim during the kidnapping that defendant had displayed a gun, but she testified at trial that the item displayed by defendant was actually a cigarette lighter. The trial court may not find that a gun was displayed where the evidence at trial conclusively establishes that no gun was actually displayed, even when it appeared to the victim at the time of the offense that a gun was displayed.

Appeal by defendant from judgment dated 3 July 1996 by Judge Henry W. Hight, Jr., in Durham County Superior Court. Heard in the Court of Appeals 21 August 1997.

*Attorney General Michael F. Easley, by Special Deputy Attorney General Robert G. Webb and Assistant Attorney General Richard G. Sowerby, for the State.*

*Public Defender Robert Brown, Jr. and Assistant Public Defender Shannon A. Tucker, for the defendant appellant.*

GREENE, Judge.

Jerome Williams (Defendant) was convicted of second degree kidnapping, and his sentence was enhanced by sixty months under section 15A-1340.16A of the North Carolina General Statutes for display of a firearm during the commission of the offense. Defendant appeals both the trial court's denial of his motion to dismiss at the close of all the evidence and the sentence enhancement.

We review a motion to dismiss in the light most favorable to the non-movant. *State v. Quick*, 323 N.C. 675, 682, 375 S.E.2d 156, 160 (1989). The following facts are therefore presented in the light most favorable to the State.

On 3 December 1995, Defendant went to the home of his ex-girlfriend, Felicia Leathers (Leathers), to confront her with his suspicions of her infidelity. Defendant and Leathers had at one time lived together, but had lived apart for several months prior to this visit. When Defendant arrived at Leathers' home, Defendant threatened Leathers with what she believed to be a gun and stated, "I came to kill you." Leathers left her house, but Defendant followed her outside and ordered her to return inside. Leathers refused to return inside; instead, she traveled with Defendant in a neighbor's car to Defendant's mother's home. Leathers testified that: "[o]nce I seen him almost get in [the car], I was like going to get out again and run and

he told me don't, to get in. So I got on in [the car]." Leathers testified that when they arrived at Defendant's mother's house, "[h]e was telling me to get out the car and I was telling him I was scared, to give [away] the gun. I was not going to get out the car." Defendant again pointed what appeared to be a gun at Leathers, and Leathers went into the house with Defendant. Once they were inside his mother's house, Defendant confronted Leathers about his suspicions of her infidelity, demanded the return of jewelry which belonged to Defendant, and then allowed Leathers to leave.

At trial, the evidence conclusively established that the item which Leathers believed to be a gun at the time of the kidnapping was actually a cigarette lighter shaped like a gun. Leathers herself testified that she only saw the top, or barrel, of the gun Defendant used. When shown the cigarette lighter during her cross-examination and asked if it was the "weapon" Defendant had used during the kidnapping, Leathers testified: "Yes. This is it because this is the top of the thing I seen. . . . This is the gun I seen in his hand. That's the top of it. I don't know what the bottom of it looked like, I only seen the top of it." Counsel for Defendant then asked if the object Leathers had just identified in court as the "gun" used at the time of the kidnapping was a gun. Leathers replied: "No, it's a lighter."

At the close of all the evidence, Defendant moved for a dismissal of the second degree kidnapping charge, which the trial court denied. Prior to closing arguments, Defendant presented a motion *in limine* to the trial court seeking a court order forbidding the State to argue at closing that Defendant had raised non-issues at trial in order to distract the jury from the elements of the charge. The trial court deferred ruling on the motion, preferring to wait and see if such comments were made by the State. The State did in fact argue at closing that Defendant had raised non-issues. Defendant failed to object to these remarks at trial. The State's closing remarks also characterized the defense witness as a "drug dealer." Defendant likewise raised no objection at trial to these characterizations.

Finally, at sentencing for the second degree kidnapping conviction, the trial court found that Defendant had displayed a weapon during commission of a felony. Pursuant to N.C. Gen. Stat. § 15A-1340.16A, Defendant's sentence was enhanced by sixty months.

**STATE v. WILLIAMS**

[127 N.C. App. 464 (1997)]

The issues presented for review[1] are whether the trial court erred in: (I) refusing to dismiss the charge of second degree kidnapping at the close of all the evidence; (II) allowing the State to argue at closing (A) that Defendant raised non-issues at trial, and (B) that the defense witness was a "drug dealer"; and (III) enhancing Defendant's sentence for display of a gun during commission of the offense.

I

A motion to dismiss is properly denied if there is substantial evidence of each essential element of the offense presented at trial. *State v. Roseborough*, 344 N.C. 121, 126, 472 S.E.2d 763, 766 (1996) (quoting *Quick*, 323 N.C. at 682, 375 S.E.2d at 160). "Substantial evidence" consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rusher v. Tomlinson*, 119 N.C. App. 458, 465, 459 S.E.2d 285, 289 (1995), *aff'd per curiam*, 343 N.C. 119, 468 S.E.2d 57 (1996) (quoting *Pamlico Tar River Foundation v. Coastal Resources Comm.*, 103 N.C. App. 24, 28, 404 S.E.2d 167, 170 (1991)). In determining whether substantial evidence existed to support each essential element, the evidence is to be considered in the light most favorable to the State, giving the State every reasonable inference arising from the evidence. *Id.*; *State v. Smith*, 300 N.C. 71, 78, 265 S.E.2d 164, 169 (1980).

In this case, the elements charged in Defendant's indictment for second degree kidnapping were (i) removal, and (ii) for the purpose of terrorizing Leathers.

A

**[1]** Defendant first argues there was insufficient evidence of removal to support the second degree kidnapping charge. We disagree.

"It is the fact, not the distance of forcible removal of the victim that constitutes kidnapping." *State v. Lowry* and *State v. Mallory*, 263 N.C. 536, 541, 139 S.E.2d 870, 874 (citing 1 Am. Jur. 2d *Abduction and Kidnapping* § 18), *cert. denied*, 382 U.S. 22, 15 L. Ed. 2d 16 (1965); *State v. Fulcher*, 294 N.C. 503, 522, 243 S.E.2d 338, 351 (1978) (rejecting argument that removal requires moving the victim a substantial distance).

The State's evidence shows that Defendant forced a hysterical Leathers both into and out of the car through threats and intimidation

---

1. Defendant failed to argue additional assignments of error before this Court. Under N.C. R. App. P. 28(a), these assignments of error are deemed abandoned. *State v. Davis*, 68 N.C. App. 238, 245, 314 S.E.2d 828, 833 (1984).

with what appeared to be a gun. This evidence is such that a reasonable mind might accept it to support the conclusion that Leathers was forcibly removed by Defendant.

## B

**[2]** Defendant also contends that the evidence does not support a finding that Defendant intended to terrorize Leathers. We disagree.

"Terrorizing is defined as 'more than just putting another in fear. It means putting that person in some high degree of fear, a state of intense fright or apprehension.' " *State v. Davis*, 340 N.C. 1, 24, 455 S.E.2d 627, 639 (quoting *State v. Moore*, 315 N.C. 738, 745, 340 S.E.2d 401, 405 (1986)), *cert. denied*, —— U.S. ——, 133 L. Ed. 2d 83 (1995).

In this case, Leathers testified that Defendant pointed what appeared to be a gun in her direction and threatened to kill her. Both of the State's witnesses testified that Leathers was crying and hysterical throughout the encounter. Taking the evidence in the light most favorable to the State, there existed such relevant evidence as a reasonable mind might accept as adequate to support the conclusion that Defendant's intent was to terrorize Leathers.

## II

## A

**[3]** Defendant contends that the trial court erred in deferring judgment on Defendant's motion *in limine* to prevent the State from arguing that Defendant raised non-issues at trial during the State's closing argument.

"On appeal the issue is not whether the granting or denying of the motion *in limine* was error, as that issue is not appealable, but instead whether the evidentiary rulings of the trial court, made during the trial, are error." *T&T Development Co. v. Southern Nat. Bank of S.C.*, 125 N.C. App. 600, 602-03, 481 S.E.2d 347, 349, *disc. review denied*, 346 N.C. 185, 486 S.E.2d 219 (1997). In order to preserve an evidentiary ruling for appeal, an objection to the evidence must be made when it is offered at trial. *Id.* at 602, 481 S.E.2d at 349.

In this case, Defendant failed to object during the State's closing argument to remarks alleging that defense counsel was raising non-issues. As the trial court's ruling on the motion *in limine* is not appealable, and no objections were made to the evidentiary rulings from which Defendant complains, the State's closing argument

remarks that Defendant raised non-issues at trial are not properly before this Court and will not be addressed.

B

**[4]** Defendant next argues that the trial court erred in not correcting, on its own motion, remarks made by the State at closing argument which characterized the defense witness as a "drug dealer."

"[C]ounsel may properly argue all the facts in evidence as well as any reasonable inferences drawn therefrom." *State v. Worthy*, 341 N.C. 707, 709, 462 S.E.2d 482, 483 (1995) (citing *State v. Monk*, 286 N.C. 509, 515, 212 S.E.2d 125, 131 (1975)).

The evidence elicited on cross-examination established that the defense witness had been convicted "of three counts of possession with the intent to sell and deliver cocaine . . . as well as two counts of selling cocaine to an undercover officer." Therefore, characterizing the defense witness as a "drug dealer" was a reasonable inference from the evidence admitted at trial of prior convictions for selling drugs.

III

**[5]** Defendant's final assignment of error is that the trial court erred in applying the sentence enhancement under section 15A-1340.16A. We agree that the sentence enhancement was improperly applied; therefore we remand for resentencing on Defendant's second degree kidnapping conviction.

The relevant portion of the sentencing enhancement statute provides:

(a) If a person is convicted of [kidnapping] and the court finds that the person used, displayed, or threatened to use or display a firearm at the time of the felony, the court shall increase the minimum term of imprisonment to which the person is sentenced by 60 months. . . .

(b) Subsection (a) of this section does not apply [if] . . .

. . .

(3) The person did not actually possess a firearm about his or her person.

N.C.G.S. § 15A-1340.16A (Supp. 1996).

It is reversible error for a trial court to submit an armed robbery charge to the jury where conclusive evidence at trial establishes that no actual gun was used. *See State v. Allen*, 317 N.C. 119, 343 S.E.2d 893 (1986) (holding evidence that a toy or cap pistol was used in the commission of a robbery made armed robbery a jury question, not a mandatory presumption). In *Allen*, our Supreme Court summarized prior case law as follows: "[I]f . . . evidence shows conclusively that the weapon was not what it appeared to be, then the jury should not be permitted to find that it was what it appeared to be." *Id.* at 125, 343 S.E.2d at 897.

The reasoning in *Allen* is equally applicable to application of the sentence enhancement. The trial court may not find that a gun was displayed during the course of a felony where evidence at trial conclusively establishes that no gun was actually displayed, even where it appeared to the victim at the time of the offense that a gun was displayed. *See* N.C.G.S. § 15A-1340.16A(b)(3) (prohibiting sentence enhancement for possession of a firearm where the defendant "did not actually possess" a firearm).

In this case, at the time of the offense it appeared to the victim that the Defendant displayed a gun. However, the victim testified at trial that the item actually displayed by Defendant during commission of the offense was merely a cigarette lighter shaped like a gun. Therefore, it was error for the trial court to find that Defendant displayed a gun for purposes of the sentence enhancement.

Trial—no error.

Sentencing—remand for resentencing.

Judges WYNN and MARTIN, Mark D., concur.