EVERHART & ASSOCIATES, INC. AND HETTIE TOLSON JOHNSON, PETITIONERS V. DEPARTMENT OF ENVIRONMENT, HEALTH AND NATURAL RESOURCES, RESPONDENT AND ZELIG ROBINSON, INTERVENOR-RESPONDENT

No. COA96-1369

(Filed 18 November 1997)

**Administrative Law and Procedure § 65 (NCI4th)— denial of coastal development permit—whether site peninsula or island—land use map—offer of proof**

The superior court erred by finding that the Coastal Resources Commission heard new evidence in violation of N.C.G.S. § 150B-51(a) where petitioners applied to the Commission for a permit to develop land located on or near Ocracoke Island in Hyde County; the permit was denied by the Commission in part because the land was an island surrounded by water and marsh and construction was prohibited by the Hyde County Land Use Plan for "estuarine islands"; an administrative law judge based his determination that the land is a peninsula solely on the maps in the Land Use Plan, which show the land to be a peninsula but which contain a caveat that they are not sur-

veyed maps and cannot be relied upon to determine exact lot locations; and the Commission determined that the ALJ had erred by excluding the offers of proof and that petitioners had failed to meet their burden of coming forward with evidence to refute the findings of the agency and that the permit denial should be affirmed. The evidence before the Commission, including that contained in the offers of proof, reveals a dispute with respect to whether the development site is located on a peninsula or island and there is evidence that a reasonable person might accept as adequate to support the decision that the site is an island and that the Developers failed in their burden of proof by relying solely on the Land Use Plan maps. The trial and appellate courts are therefore bound by those findings.

Judge MARTIN, Mark D., concurring in the result only.

Appeal by respondent, Department of Environment, Health and Natural Resources, and intervenor-respondent, Zelig Robinson, from order dated 16 July 1996 by Judge William C. Griffin, Jr., in Hyde County Superior Court. Heard in the Court of Appeals 21 August 1997.

*Wheatly, Wheatly, Nobles & Weeks, P.A., by C.R. Wheatly, III, for petitioners appellees.*

*Attorney General Michael F. Easley, by Assistant Attorney General Robin W. Smith, for respondent appellant.*

*Ward and Smith, P.A., by I. Clark Wright, Jr., for intervenor-respondent appellant.*

GREENE, Judge.

The North Carolina Department of Environment, Health and Natural Resources (DEHNR) appeals from the superior court's reversal of the denial of Everhart & Associates, Inc. and Hettie Tolson Johnson's (Developers) petition to develop land in Hyde County.

Developers applied to DEHNR's Coastal Resources Commission (Commission) for a permit to develop land known as Tolson's Island, located in Hyde County. The permit was denied by the Commission's Division of Coastal Management (DCM), the agency to which the Commission has delegated permitting authority. In denying the permit request DCM found as facts: (1) "the development tract [is] an island surrounded by water and marsh"; (2) the development would

require the installation of "three 1440 gallon septic tanks to serve the nine lots proposed"; and (3) "[a]pproximately half of the nine lots would likely require residences and/or amenities to be built over [federal Clean Water Act section] 404 wetlands." DCM then concluded that the development was violative of the Hyde County Land Use Plan (Land Use Plan) in that: (1) construction is prohibited on "estuarine islands"; (2) septic tank systems exceeding 1,500 gallons are prohibited; and (3) construction is prohibited in section 404 wetlands.

Following receipt of DCM's denial letter, Developers were granted a hearing before an Administrative Law Judge (ALJ). The ALJ granted Developers' motion *in limine* to exclude all testimony concerning whether Tolson's Island is an island or a peninsula, basing his determination of the question solely on the maps in the Land Use Plan. The maps show Tolson's Island to be a peninsula, but contain the following caveat: "This is not a surveyed map. Lot lines, rights-of-way, shorelines, lakes, creeks, canals, etc., represent approximate locations based on 1987 Hyde County tax records. This map cannot be utilized to determine exact lot/parcel dimensions or locations."

The ALJ included in the official record DCM's offers of proof showing what witnesses would have testified to had the testimony been allowed. The offer of proof of John A. Crew, District Planner for DCM, stated:

> [T]he maps contained in [the Land Use Plan] are of a large scale and generalized because they were adopted for planning and informational purposes; that the maps therefore cannot be relied upon for regulatory purposes; and that a site inspection is necessary to determine the conditions on a site before determining whether a permit should be granted or denied.

He further noted that the Land Use Plan maps "expressly include disclaimers that site investigations are necessary to determine the conditions on specific parcels of land proposed for development." In his offer of proof, Terry E. Moore, a DCM district manager, stated:

> The development site is a small hummock or island which is separated from the Ocracoke mainland by a regularly flooded area of coastal wetlands. . . . It is bordered by Southward Creek to the west, an unnamed creek to the east and the Pamlico Sound to the north. There is a wide, low marsh to the east of the development site that separates the site from the main body of Ocracoke. The

unnamed creek to the east separates the development site from a similar estuarine island which is part of the Cape Hatteras National Seashore.

Based only on the maps contained within the Land Use Plan itself, the ALJ found that the area in question was a peninsula, not an island, and therefore disagreed with DCM's denial on the ground that the request involved construction on estuarine islands. The ALJ further found that the permit request was not inconsistent with the septic tank regulations of Hyde County because the plan called for three 1,400 gallon septic tanks rather than a tank with a capacity of 1,500 gallons or more. However, the ALJ recommended upholding the permit denial on the ground that the proposed construction affected section 404 wetlands. The ALJ further recommended allowing Developers the opportunity to modify their proposal so that it would not affect section 404 wetlands.

The Commission determined, from the offers of proof made before the ALJ, that the ALJ erred in excluding the evidence tendered by DCM on the question of whether Tolson's Island is in fact an island or a peninsula. Considering the offers of proof and the other evidence in the record before the ALJ, the Commission concluded that Developers had "failed to meet their burden of coming forward with evidence to rebut the findings" of DCM, and therefore concluded that DCM's permit denial must be affirmed.

Developers sought judicial review. Developers' petition for judicial review contended: (1) that the Commission acted arbitrarily and capriciously in denying the permit; (2) that the Commission erred in concluding Developers had not met their burden of coming forward with evidence to rebut the findings in the permit denial letter; and (3) that the Commission erred in concluding that the development plan is "inconsistent with those provisions of the Hyde County Land Use Plan relating to construction on estuarine islands; development in wetlands; and the capacity of new septic systems."

The superior court found that the Commission erred in considering the offers of proof included in the record and further found that the decision of the Commission was arbitrary. On these two grounds, the superior court ordered the reversal of the order of the Commission.

The dispositive issues are whether the superior court erred in (I) finding that the Commission heard new evidence in violation of N.C.

Gen. Stat. § 150B-51(a), and (II) concluding that the agency acted arbitrarily and capriciously.[1]

I

A final agency decision in a contested case hearing must be based on the "official record prepared pursuant to G.S. 150B-37." N.C.G.S. § 150B-36(b) (1995). The official record includes "offers of proof." N.C.G.S. § 150B-37(a)(2) (1995); *see* N.C. R. Evid. 103(a)(2) (defining offer of proof). The agency is not permitted to hear "new evidence" and if it does so, the trial court on review is required to reverse or remand the agency decision. N.C.G.S. § 150B-51(a) (1995).

In this case the Commission did not hear new evidence but did consider the evidence contained in DCM's offers of proof before the ALJ. In doing so the Commission acted pursuant to the statute and the trial court erred in reversing on this basis.

II

"Administrative agency decisions may be reversed as arbitrary or capricious if they are 'patently in bad faith,' or 'whimsical' in the sense that 'they indicate a lack of fair and careful consideration' or 'fail to indicate "any course of reasoning and the exercise of judgment." ' " *Act-Up Triangle v. Commission for Health Services*, 345 N.C. 699, 707, 483 S.E.2d 388, 393 (1997) (quoting *Comr. of Ins. v. Rate Bureau*, 300 N.C. 381, 420, 269 S.E.2d 547, 573, *rehearing denied*, 301 N.C. 107, 273 S.E.2d 300, (1980)) (citations omitted).

In this case our review of the "whole record," *Act-Up Triangle*, 345 N.C. at 706, 483 S.E.2d at 392 (applying whole record review to arbitrary and capricious determination), reveals substantial evidence to support the decision of the Commission's denial of the Developers' permit request. *Eury v. N.C. Employment Security Comm.*, 115 N.C. App. 590, 597, 446 S.E.2d 383, 387, *disc. review denied*, 338 N.C. 309, 451 S.E.2d 635 (1994) (whole record test requires determination of whether decision is supported by substantial evidence). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rusher v. Tomlinson*, 119 N.C. App. 458, 465, 459 S.E.2d 285, 289 (1995), *aff'd*, 343 N.C. 119,

---

1. Developers raise other issues in their brief; however, because they did not take appeal or make any cross-assignments of error, these issues will not be addressed by this Court. N.C. R. App. P. 28(c); *see Walker v. N.C. Dept. of Human Resources*, 100 N.C. App. 498, 502, 397 S.E.2d 350, 353 (1990) (limiting appellate review to exceptions and assignments of error), *disc. review denied*, 328 N.C. 98, 402 S.E.2d 430 (1991).

468 S.E.2d 57 (1996) (quoting *Pamlico Tar River Foundation v. Coastal Resources Comm.,* 103 N.C. App. 24, 28, 404 S.E.2d 167, 170 (1991)).

The evidence before the Commission, including that contained in the offers of proof, reveals a dispute with respect to whether the development site is located on a peninsula or an island. The Commission, in accepting the findings of DCM, found the site to be an island and found that Developers had failed in their burden of showing the site to be a peninsula. *See Britthaven, Inc. v. N.C. Dept. of Human Resources,* 118 N.C. App. 379, 382, 455 S.E.2d 455, 549, *disc. review denied,* 341, N.C. 418, 461 S.E.2d 754 (1995) (petitioner has burden of showing that the agency substantially prejudiced petitioner's rights). There is evidence that a reasonable person "might accept as adequate to support" the decision that the site is an island and that Developers failed in their burden of proof by relying solely on the Land Use Plan maps. The trial court and this Court are therefore bound by those findings. Indeed a court reviewing an administrative agency decision may not "replace the [agency]'s judgment as between two reasonably conflicting views, even though the court could justifiably have reached a different result had the matter been before it *de novo.*" *Thompson v. Board of Education,* 292 N.C. 406, 233 S.E.2d 538, 541 (1977) *(quoted in Act-Up Triangle,* 345 N.C. at 707-08, 483 S.E.2d at 393). It follows therefore that the decision of the Commission is not arbitrary or capricious.

The order of the superior court is therefore reversed and the decision of the Commission is reinstated.[2]

Reversed and remanded.

Judge WYNN concurs.

Judge MARTIN, Mark D., concurs in the result only with separate opinion.

---

2. Because we reverse the order of the superior court and reinstate the decision of the Commission denying the permit application on the ground that the development site is an island, we need not address the question of whether the placement of the three proposed septic tanks is also violative of the Land Use Plan. We do note that the parties to this appeal do not dispute that a portion of the development site is included within section 404 wetlands and that this is another basis for supporting the denial of the permit as submitted.

**EVERHART & ASSOC. v. DEPT. OF E.H.N.R.**

[127 N.C. App. 693 (1997)]

Judge MARTIN, Mark D., concurring in the result only.

This case arises out of the Coastal Resources Commission's interpretation of the 1992 Hyde County Land Use Plan (Hyde County Land Use Plan), a publicly available document providing notice to, and routinely relied on by, landowners, land planners, developers, and governmental agencies. It is undisputed the Hyde County Land Use Plan prohibits development of estuarine "islands" within one mile of Ocracoke Island. It is also undisputed the Hyde County Land Use Plan characterizes Petitioner's property as a "peninsula." The legend on the Hyde County Land Use Plan states that "lot lines, rights of way, shorelines, lakes, creeks, canals, etc." depicted represent approximate locations. The Coastal Resources Commission, based on this customary legend, inserted a "new" shoreline on the Hyde County Land Use Plan, transforming the "peninsula" into an "island."

During administrative review of the initial decision of the Division of Coastal Management, the Administrative Law Judge (ALJ) found that Petitioner's property was a "peninsula," not an "island." The Superior Court found that the Coastal Resources Commission "relies on the Land Use Plan when it serves it[s] purpose and ignores it when it does not" and concluded, as a matter of law, that "[t]he initial determination by the Division of Coastal Management that the Petitioner's plan was inconsistent with the Hyde County Land Use Plan and the subsequent affirmation of that finding by the Coastal Resources Commission ironically and unlawfully ignores the Land Use Plan."

This case raises grave concerns about whether petitioners, who proceeded in good faith based upon the characterization of their property on the Hyde County Land Use Plan, have been fairly treated by their government. Nonetheless, although a judicial body "might not have reached the same result as the [Commission]," *State v. Jackson*, 322 N.C. 251, 257, 368 S.E.2d 838, 841 (1988), *cert. denied*, 490 U.S. 1110, 109 S. Ct. 3165, 104 L. Ed. 2d 1027 (1989), I am constrained to concur in the result of the majority opinion due to the deferential standard of review applicable to review of administrative determinations, *Comr. of Insurance v. Rate Bureau*, 300 N.C. 381, 269 S.E.2d 547 (1980), *Eury v. N.C. Employment Security Comm.*, 115 N.C. App. 590, 446 S.E.2d 383, *disc. review denied*, 338 N.C. 309, 451 S.E.2d 635 (1994).